[No. 3147, Feb. 4, 1927]

In re MADISON.

. Appeal of MARRON.

[255 Pac. 630]

### SYLLABUS BY THE COURT

Where a party assumes a certain position in a legal proceeding and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him.

Appeal from District Court, Bernalillo County; Helmick, Judge.

Application by Thomas K. D. Maddison, receiver of the State Trust & Savings Bank of Albuquerque, for the appointment of a receiver of the Las Trampas Lumber Company, in which O. N. Marron, intervened. From the judgment below, the intervener appeals. Affirmed and remanded, with directions.

Francis E. Wood, of Albuquerque, and C. J. Roberts, of Santa Fe, for appellant.

Renehan & Gilbert, of Santa Fe, and Simms & Botts and Mecham & Vellacott, all of Albuquerque, for appellee.

### OPINION OF THE COURT

PARKER, C. J.   The Las Trampas Lumber Company, a corporation organized under chapter 79, Laws 1905 (section 884 et seq., Code 1915), filed its articles of incorporation June 15, 1907.   On November 12, 1918, said corporation executed and delivered its four promissory notes, each for the sum of $13,750.00, bearing interest at the rate of 8 per cent. per annum, due on demand, and payable to Frank Bond, G. W. Bond, J. B. Herndon, and O. N. Marron, respectively.

On September 6, 1924, the notes above mentioned issued to Frank Bond and George W. Bond were still

[1] 4CJ p. 663 n. 92; 21CJ p. 1223 n. 23.

JANUARY TERM, 1927 253

In re Madison.  Appeal of Marron, 32 N. M. 252

held by them, and nothing had been paid thereon except an interest payment of $699.73 on each note on July 19, 1919.

The note issued to J. B. Herndon had been transferred by him to the State Trust & Savings Bank at Albuquerque, N. M., and the note issued to O. N. Marron had been transferred by him to the State National Bank of Albuquerque, N. M., and on each of said notes the corporation had made the same interest payment as made upon the notes held by the Bonds, and Herndon and Marron had kept the interest paid on said notes up to July 1, 1923.

On September 6, 1924, the president of the Las Trampas Lumber Company executed and delivered its promissory notes in renewal of the notes held by Frank Bond and George W. Bond for the amount due thereon, principal and interest, and Thos. K. D. Maddison, having been theretofore appointed receiver of the State Trust & Savings Bank, and Francis H. Chapman having been appointed receiver of the State National Bank, the Las Trampas Lumber Company, by its president, on the same date, September 6, 1924, executed and delivered to said Maddison and said Chapman, as such receivers, promissory notes in renewal of the notes originally issued to Herndon and Marron. And on September 6, 1924, the said corporation issued a promissory note for the sum of $4,467.16, payable to the order of J. B. Herndon, and said corporation on said day executed a promissory note for the sum of $4,408 payable to the order of O. N. Marron, said notes representing the interest paid by said Marron and Herndon in behalf of the corporation on the notes originally issued to them and by them transferred to the respective banks as aforesaid.

The following indorsements appear on the original Marrron note:

"7—21—19 Int. paid to July 1st, 1919.    Int. paid to Dec. 31st, 1919.

"7—22—20 Int. paid to July 1st, 1920.

"1—24—21 Int. paid to January 1st, 1921.

254    SUPREME COURT OF NEW MEXICO

In re Madison.    Appeal of Marron, 32 N. M. 252

"7—1—21—Int. paid to July 1st, 1921.

"7—6—22 Int. paid to July 1st, 1922.

"1—6—23 Int. paid to Jan. 1st, 1923.

"6—31—23 Int. paid to July 1st, 1923."

All of said notes so executed by the corporation were due one year after the date thereof and bore interest at the rate of 8 per cent. per annum.

On January 10, 1925, Thos. K. D. Maddison, receiver of the State Trust & Savings Bank of Albuuerque, N. M., aforesaid, the owner of the original note issued to J. B. Herndon, presented to Hon. Milton J. Helmick, judge of the district court for the county of Bernalillo, an application for the appointment of a receiver of the said Las Trampas Lumber Company, and by said application represented that the said corporation had been dissolved by chapter 185, Laws 1921, and also presented the consent of the directors of said corporation that a receiver be appointed. The directors were Frank Bond, J. B. Herndon, and O. N. Marron. A receiver having been appointed, thereafter on October 15, 1925, a referee was appointed by the court to take proof of claims of creditors against the corporation and report the same to the court.

Frank Bond, G. W. Bond, and Thos. K. D. Maddison, receiver, presented to the referee the original notes of the Las Trampas Lumber Company above mentioned, dated November 12, 1918, and the Albuquerque Finance Corporation, having become the owner of the original note of the same date of said corporation held by Frank A. Chapman, receiver of the State National Bank, presented said note to the referee. The notes for interest above mentioned, dated September 6, 1924, payable to Herndon and Marron, were presented to the referee by Maddison, receiver, and the Albuquerque Finance Corporation.

The referee, under date of December 21, 1925, filed his report, in which he allowed as claims against the receiver of the Las Trampas Lumber Company the

JANUARY TERM, 1927          255

In re Madison.   Appeal of Marron, 32 N. M. 252

principal and interest due thereon of the four original notes dated November 12, 1918, and presented as above stated by Frank Bond, G. W. Bond, Thos. K. D. Maddison, receiver, and the Albuquerque Finance Corporation.

The referee also allowed the sum of $3,352.70 upon the claim presented by Maddison, receiver, on the note dated September 6, 1924, payable to J. B. Herndon, and also the sum of $3,352.95 upon the claim presented by the Albuqureque Finance Corporation on the note dated September 6, 1924, to O. N. Marron.

On December 29, 1925, after the presentation of the referee's report to the district judge for approval, O. N. Marron filed a motion praying that he be permitted to intervene in said proceeding as a stockholder of the Las Trampas Lumber Company, as a trustee thereof, by virtue of his having been a director of said corporation when it was dissolved, and as a creditor of said corporation by virtue of his ownership of the note heretofore mentioned dated September 6, 1924, payable to his order, for the sum of $4,408, and being the note theretofore presented to the referee as a claim against the receiver of the Las Trampas Lumber Company, and upon which the said receiver allowed the sum of $3,352.95 as a claim against the said receiver. And the said Marron filed various objections and exceptions to the said referee's report and to the allowance of the claims of Frank Bond, G. W. Bond, Thos. K. D. Maddison, receiver, and the Albuquerque Finance Corporation, upon the ground, among others, that said claims, being made upon the said original notes dated November 12, 1918, were barred by the six-year statute of limitations.

Before the hearing before the lower court it was stipulated by and between said Marron and the other claimants that he be permitted to intervene and that the court allow as a claim against the receiver of the Las Trampas Lumber Company his said note dated September 6, 1924, in full. Thereafter said referee's report was presented to the lower court for final dis-

256        SUPREME COURT OF NEW MEXICO

In re Madison.   Appeal of Marron, 32 N. M. 252

position, and upon the hearing the notes heretofore mentioned, being the four notes executed by the president of the Las Trampas Lumber Company, dated September 6, 1924, and payable to Frank Bond, G. W. Bond, Thos. K. D. Maddison, receiver ,and Francis A. Chapman, receiver, were offered and received in evidence in support of the claims of the said claimants above mentioned and the Albuquerque Finance Corporation, transferee of Chapman, receiver, over the objection of said Marron that at the time said notes were executed and delivered the Las Trampas Lumber Company had been dissolved by chapter 185, Laws 1921, and that the president of said corporation had no power or authority to execute or deliver said notes, and that said notes were of no effect or validity for any purpose whatsoever.

By the final decree Marron recovered judgment against the receiver of the Las Trampas Lumber Company for the principal and interest due on his said note dated September 6, 1924, and the court also approved the referee's report with respect to the allowances made to other claimants, upon their notes of November 12, 1918, overruling Marron's plea of the statute of limitations, and rendered judgment accordingly. From the judgment of the court Marron appeals.

It thus appears that Marron presented and obtained judgment upon the note executed by the president of the lumber company without authority, it is alleged, and that appellees, relying upon their renewal notes of September 6, 1924, executed at the same time, by the same person, and under the same circumstances, as the Marron note, as tolling the statute of limitations on their original notes of November 12, 1918, recovered judgment upon the latter. The proposition involved, when clearly understood, would seem to be simple and easy of solution. Marron, when he recovered upon his note of September 6, 1924, vouched for its validity. He thereby asserted that the president of the lumber company had authority to execute the same on behalf of the corporation. He obtained the acquiescence of

the appellees in such position. If the president of the corporation had such authority in Marron's case, he certainly had the same authority to execute the renewal notes to appellees, which would have the effect of tolling the statute of limitations on the 1918 notes.

Counsel for appellees urge upon us the proposition that, notwithstanding the errors appellant assigns to the judgment of the lower court, he cannot be heard to question said judgment, because, having asked for and obtained a judgment of the court in his favor upon the note of September 6, 1924, he cannot assign error to the same judgment in favor of appellees, supported as it is by the same evidence.

The rule invoked by appellees is thus stated by the Supreme Court of the United States in the case of Davis v. Wakelee, 156 U. S. 680, 15 S. Ct. 555, 39 L. Ed. 578:

"It may be laid down as a general proposition that, where a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to .the prejudice of the party who has acquiesced in the position formerly taken by him."

See, also, Philadelphia W. & B. R. Co. v. Howard, 13 How. 307, 14 L. Ed. 157; Hodges v. Winston, 95 Ala. 514, 11 So. 200, 36 Am. St. Rep. 241; Haber-Blum-Bloch Hat Co. v. Friesleben, 5 Ga. App. 123, 62 S. E. 712; Gibson v. Gaines, 198 Ala. 583, 73 So. 929; 10 R. C. L. 698.

In Gibson v. Haines, supra, the court said:

"The defendant, having introduced the hear-say evidence of the defendant and thereby invoked a ruling of the trial court in favor of the admissability of such evidence, cannot now put the trial court in error for permitting similar evidence offered by the other side. The defendant had the court rule that such hearsay evidence was admissible, and he cannot reverse the trial court for making a ruling on the other side, consistent with the one invoked by him."

The rule is thus stated in 10 R. C. L. 698:

258    SUPREME COURT OF NEW MEXICO

In re Madison.    Appeal of Marron, 32 N. M. 252

"The rule that a party will not be allowed to maintain inconsistent positions in judicial proceedings is not strictly one of estoppel, partaking rather of positive rules of procedure based on manifest justice and to a greater or less degree on considerations of the orderliness, regularity and expedition of litigation."

The record shows that among the items of interest which composed the consideration of the appellant's note of September 6, 1924, there were several which had been barred by the four-year statute of limitations; but counsel for appellant say that this fact was not called to their attention. The appellant, however, in asking the judgment of the court in his favor upon his note, asserted its legality and validity in every respect. He cannot be permitted to say that he was mistaken, because if a mistake was made he was the beneficiary of that mistake. Philadelphia W. & B. R. Co. v. Howard, supra.

The principal argument of appellant in opposition to the foregoing conclusion is that he did not in fact recover on the note of September 6, 1924, for $4,408.60, and that the recovery was in fact had for money paid, laid out and expended by him for and on behalf of the lumber company in the payment of interest on the original note issued to him for $13,750. An examination of his petition in intervention, however, discloses that he plainly claimed under the $4,408.60 note. A stipulation was entered into between him and the Albuquerque Finance Corporation, in whose behalf the said note had been presented to the referee for allowance, that the note might be allowed to him without further proof. All the parties, by counsel, consented to the order allowing him to intervene as prayed in his petition. The intervention was made for the purpose of recovery upon this note, and for no other person.

Appellant objects to the presentation of the legal propostions urged here for the reason that they were not uged in the court below. This objection is not available. If a judgment is correct, it should be affirmed, although a wrong reason for it may have been

JANUARY TERM, 1927 259

In re Madison.   Appeal of Marron, 32 N. M. 252

assigned by the court below, where the appellant was not placed in a disadvantageous position by reason of the rulings of the court.

It follows from all the foregoing that the judgment of the court below was correct and should be affirmed, and the cause remanded, with directions to proceed accordingly; and it is so ordered.

BICKLEY and WATSON, JJ., concur.