243 P.2d 597

**NEWBOLD v. FLORANCE.**

No. 5459.

Supreme Court of New Mexico.

April 22, 1952.

Dudley Cornell, Albuquerque, for appellant.

M. A. Threet, Sam Dazzo, Albuquerque, for appellee.

McGHEE, Justice.

This is the second appeal of this case. See 54 N.M. 296, 222 P.2d 1085.

In the former trial below the plaintiff (appellant here) sought to recover commission claimed due for the sale of oil and gas leases which the defendant (appellee here) had sold to the Wood River Oil & Refining Company, Inc. The complaint was in two counts; first, upon an account stated in the sum of $12,500, and second, on quantum meruit for $8,200 which, it was alleged, the parties had agreed upon as the value of the plaintiff's services. The defendant filed a counter claim for $500 which he claimed he had loaned to the plaintiff and which had not been repaid. On the incoming of the answer which denied the plaintiff's claims and asserted the complaint did not state a cause of action upon which relief could be granted, the plaintiff abandoned his claim on quantum meruit and stood upon the first count. The trial court treated the legal exception as a motion for a summary judgment, and, based upon the allegations of the complaint, answers to interrogatories and certain depositions, held the defendant was entitled to summary judgment. The plaintiff thereupon filed an amended complaint by permission of the trial court. This amended complaint alleged there existed a bona fide dispute between the plaintiff and defendant with respect to services rendered by the plaintiff in the sale of oil and gas leases, and that such disputed claim was settled by compromise agreement whereby the defendant agreed to pay the plaintiff $8,200, payable $1,000 in cash and the balance in monthly payments of $300 for a period of three years. The trial court sustained a motion to dismiss which stated such matters were merely repetitious of matter pleaded in the original complaint, that they had been previously disposed of adversely to the plaintiff and that such ruling was res judicata. Summary judgment was entered in favor of the defendant and the plaintiff appealed. We reversed with instructions to vacate the dismissal, deny the motion to strike and hear the case on the amended complaint.

A second trial was had on oral evidence, depositions and interrogatories, and the trial court made the following findings of fact and conclusions of law:

"1. That the plaintiff was never employed by the defendant to make sale of certain oil and gas leases, or interests therein, and which said oil and gas leases, or interests therein, are shown in contract dated May 19, 1947, between the defendant, M. J. Florance, and Wood River Oil and Refining Company, Inc., plaintiff's Exhibit A.

"2. That the said oil and gas leases, or interests therein, mentioned and referred to in Finding of Fact No. 1 herein, were never listed by the defendant with the plaintiff, Charles Newbold, for sale or trade.

"3. That the plaintiff, Charles Newbold, was at no time employed by this defendant, and that they did not enter into an oral or written contract of any kind.

"4. That the defendant did not agree to, nor did he enter into any compromise and settlement with this plaintiff.

"5. That at no time was any money paid to the plaintiff for any settlement of any claim.

"6. That the plaintiff, in his original complaint, elected to stand on the account stated, dismissed voluntarily the count on quantum meruit, and having failed to establish the account stated, he filed a first amended complaint on compromise and settlement.

"7. That no commission is due from the defendant to the plaintiff for and on account of the gas deal between the defendant and Wood River Oil and Refining Company, Inc., for the reason that the plaintiff was not the procuring cause of the said contract.

"As Conclusions of Law the Court finds:

"1. That the Court has jurisdiction of the parties hereto and of the subject matter of this cause of action.

"2. That defendant is entitled to judgment on his cross-claim for $500.-00 and costs.

"3. That the plaintiff has elected to pursue his remedy on an account stated, and that he cannot now declare or assert a claim on compromise and settlement.

"4. That the complaint should be dismissed at the cost of the plaintiff."

The plaintiff has assigned 32 errors which he discusses under four points, as follows:

1. The action of the trial court was inconsistent with the opinion and mandate of this court in the previous appeal.

2. The Supreme Court will review findings based upon evidence introduced largely by deposition.

3. The finding of the trial court is against the clear preponderance of the evidence.

4. The trial court erred in admitting the testimony of J. J. Hudson regarding alleged telephone conversation between defendant and plaintiff.

We will discuss the matters raised by the points in their order.

In his discussion of the first point the plaintiff says:

"At the trial of the cause therefore, counsel was entitled to believe that the trial would be limited to the issues set up by the Amended Complaint, to-wit: whether or not a compromise and settlement had been arrived at. Instead of that, the trial Court was actuated by such misconstruction of the issues or misinterpretation of the law involved, that the Plaintiff was in effect trying the original issues in the case. This is clearly shown by the Findings of Fact and Conclusions of Law adopted by the Court."

He then quotes findings of fact Nos. 1, 2 and 3, and conclusion of law No. 3, supra.

 The findings of which he complains were in response to evidence he himself offered in his case in chief, and which the defendant met, without objection in his case. It ill lies in the plaintiff's mouth to urge the case should be reversed on account of evidence which he offered. Heisch v. J. L. Bell & Co., 11 N.M. 523, 70 P. 572; Gillett v. Chavez, 12 N.M. 353, 78 P. 68; Park v. Milligan, 27 N.M. 96, 196 P. 178; In re Madison (Appeal of Marron), 32 N. M. 252, 255 P. 630. No doubt the trial court and opposing counsel thought when the plaintiff was offering the evidence of which he now complains, and on which findings of fact Nos. 1, 2 and 3 were based, he was complying with the rule of Nixon-Foster Service Co. v. Morrow, 41 N.M. 67, 64 P.2d 92, 94, where it was said:

" 'Where the question at issue is as to whether or not a settlement was had between the parties, evidence of all the matters comprised in and of the circumstances leading up to and surrounding the transaction constituting the alleged settlement is admissible.' 3 Encyc. of Evi. p. 251.

\* \* \* \* \* \*

" \* \* \* 'Where a compromise is alleged, the determination of all controverted questions of fact is for the jury. Thus on conflicting evidence it is for the jury to determine whether there was an agreement of compromise \* \* \* whether there was a consideration, whether there was such an honest dispute between the parties as could be made the basis of a compromise \* \* \* whether the party relying on the compromise has performed conditions imposed on him, and the damage suffered from the breach, if any.' " Quoting 12 C.J. at page 367, 15 C.J.S., Compromise and Settlement § 54.

We agree conclusion of law No. 3 was immaterial and had no proper place in the decision in view of our holding in the former appeal. However, the defendant should not be penalized by a reversal of the case because the trial judge (who, incidentally, had not presided at the former trial) perhaps may not have been mindful at the moment of our exact holding in

the former opinion. The material question in the second trial was whether there was a valid compromise and settlement and, if so, the amount thereof, and whether the $500 check was delivered by the defendant to the plaintiff as part payment or as a loan. We are not persuaded by the argument of the plaintiff that the trial court's findings of fact on the material points were influenced by the view he was trying the case on the first count of the original complaint. We decline to reverse the case on account of the matters argued under this point.

We pass to a consideration of the arguments under points 2 and 3. It is true, as contended by plaintiff, when the material testimony in a case is documentary we are in as good a position as the trial court to pass upon the facts, but only a part of the material evidence here is documentary. There was considerable oral testimony by the parties and other witnesses on the matter in controversy, and much of it was directly contradictory. In fact, the plaintiff testified on direct examination that the offer of $1,000 cash and the promised payments of $300 monthly were offered him by the defendant to get him out of the deal and it took some labor on the part of the examining attorney to draw out the statement it was in compromise and settlement of a claim for commission. We have examined all of the evidence in the case, oral and documentary, and are convinced the findings of fact are supported by substantial evidence and should not be disturbed.

We now pass to a consideration of the matter argued under the fourth point which relates to the admission of the testimony of the witness Hudson as to the telephone conversation between the plaintiff and defendant.

The defendant was taking a bath in Hudson's room in an Albuquerque hotel when the telephone rang and Hudson answered the call. It was a long distance call for the defendant. According to Hudson the operator stated the plaintiff was calling Florance, and the defendant then took the telephone and engaged in a conversation with the plaintiff. Hudson stated he heard Mr. Florance, and when asked, "What was his conversation?" he answered:

"A. Mr. Florance's conversation indicated—"

Mr. Cornell interrupted and the record shows the following:

"Mr. Cornell: I will object it being hearsay, a conversation over the telephone. Self-serving declaration on the part of the defendant. We don't know who was on the telephone or what was said by both parties.

"The Court: Overruled.

"Mr. Cornell: Exception.

"The Court: Just in substance. You may not be able to repeat it word for word.

"A. (Continuing) The substance was that Mr. Newbold desired a personal loan, and Mr. Florance's conversation was to the effect he would be glad to loan him some money in the sum of $500.00. The name was repeated, and Mr. Florance made the remark more or less to the effect that the San Juan Basin was going to be a good area, and he could more or less pay it back at his own convenience. That is not the exact wording, but that is the substance of it."

The only objection made by the plaintiff to the admission of Hudson's testimony appears above. The only part which could be objectionable is, "The substance was that Mr. Newbold desired a personal loan." This might be a conclusion of the witness or based upon what Florance later told him. However, this was a trial to the court and it does not appear it relied on these few words in making the findings. The plaintiff in his brief says he and the defendant had a long distance telephone conversation, but he denies he was asking for a loan. Where it is not made to appear the trial court considered improper testimony, the presumption is it was not considered by the court. First State Bank of Alamogordo v. McNew, 33 N.M. 414, 269 P. 56, and cases therein cited. The part of the conversation the witness Hudson heard could be detailed by him on the trial.

Takahashi v. Hecht Co., 62 App.D.C. 72, 64 F.2d 710.

In a trial before the court, absent a showing of prejudice, we must hold the slight error, if error it was, harmless.

For the reasons stated, the judgment will be affirmed.

It is so ordered.
We concur:

LUJAN, C. J., and SADLER, COMPTON, and COORS, JJ., concur.