353 P.2d 353

Jimmy B. GONZALES, Claimant,
Plaintiff-Appellant,

v.

GACKLE DRILLING COMPANY, Inc., a corporation, Employer, and United States Fidelity & Guaranty Company, Insurer, Defendants-Appellees.

No. 6648.

Supreme Court of New Mexico.

June 20, 1960.

Rehearing Denied July 13, 1960.

Williams, Johnson & Houston, Hobbs, for appellant.

Hanners & Norton, Lovington, for appellees.

CARMODY, Justice.

Appeal from the dismissal of a workmen's compensation claim because it was prematurely filed.

The question for decision relates to when the limitation for filing a claim for greater disability begins where the workman is being paid maximum compensation for the loss of a specific member of his body. In other words, must the workman file his claim within one year and thirty-one days of the notice that the insurer will pay him only for the loss of the specific member, or

may he wait until the specified period has run and then seek a determination of·excess disability, if any, by reason of the loss of the member?

Claimant Gonzales had his left leg severed immediately below the hip on October 31, 1957. Until June 12, 1958, he was paid the regular compensation at the rate of $30 per week as temporary total disability. However, on the above date the defendant insurance carrier advised him that the future payments would be for permanent partial disability, i. e., for the loss of a leg only, and subsequent payments have borne the notation, "Permanent Partial, as per schedule." Gonzales thereupon filed his claim seeking total permanent disability, on the basis that his injury totally prevented him from performing the work for which he was qualified. The defense was that the claim was premature, because the defendants were paying all compensation to which the claimant was entitled.

It is agreed that the loss of the leg was the only injury, although the extent of disability, other than statutory, for the severance was not determined because the court sustained the legal defense. The entire controversy is one of statutory construction, but confusion arises because of several of our decisions which "at first blush" seem conflicting. The statute (§ 59–10–18, N.M.S.A., 1953 Comp.) is entitled "Schedule of compensation," and the pertinent provisions thereof have been quoted in so many of our prior·cases that it is not deemed necessary to do so again. Suffice it to say that the section embraces total disability (subdivision a), a schedule for loss of specific members (subdivision b), residuary clauses which cover impairment of the use of a member or bodily function and all other cases. In the case at bar, we are primarily concerned with the scheduled losses (subdivision b), specifically in this case for the loss of the leg, for which the claimant is by statute entitled to receive either 130 or 180 weeks' compensation, depending upon whether or not an artificial limb can be utilized.

The workman relies principally upon Maestas v. American Metal Co., 1933, 37 N.M. 203, 20 P.2d 924, 926, in which the claimant was being paid maximum compensation for the loss of the left eye by enucleation and about two years later he sought additional compensation for injury to the right eye resulting from the same accident. We held that the claim for the injury to the right eye was barred by the statute of limitations. The court stated that the failure of the employer to acknowledge liability for the right eye amounted to a "refusal to pay compensation" and this required the filing of a claim to prevent the running of the statute of limitations. Thus, as applied to the instant case, if the notification to Gonzales that future payments would be for the loss of the leg only, amounted to a "refusal," then

the limitation commenced to run, and, unless a claim was timely made, the workman would lose his right to seek greater disability.

The rationale of the Maestas case was clarified in Gonzales v. Pecos Valley Packing Co., 1944, 48 N.M. 185, 146 P.2d 1017, 1021, which involved the loss of a scheduled member (an arm). In that case, the claimant obtained judgment in the trial court for the specific loss and also for permanent partial disability which was to commence at the end of the scheduled award. That opinion fully explains the statutory provision with which we are concerned and held that, to prevent pyramiding of compensation, a grant for a specific or scheduled injury is exclusive of all other compensation. The court also said:

"There may be advantages or disadvantages to claimant in the choice of the course he may choose to take. If he procures an award for permanent partial disability under the residuary clause, he may incur the hazard of subsequent examinations and forced hearings on the demand of the employer and insurer for a revision downward of the award. On the other hand, an award for the loss of a member ends the case. It seems to us that this presents a field for election by the injured workman and that he cannot eat his cake and have it too.

\* \* \* \* \* \*

"We think at least in the case of loss of a member by severance with no attendant injuries to other portions of the body, all controversies as to the amount to be paid are avoided \* \*."

In fairness to counsel for appellees, it should be said that the cases upon which they rely and which the trial court considered as authority do seem to hold that as long as a workman is receiving maximum compensation, the filing of a claim is premature. However, none of these cases involve the loss of a scheduled member, and therefore the right of the workman was preserved as long as maximum payments were being made and there was no failure or refusal to pay. See George v. Miller & Smith, Inc., 1950, 54 N.M. 210, 219 P.2d 285 (a head and back injury); State ex rel. Mountain States Mut. Cas. Co. v. Swope, 1954, 58 N.M. 553, 273 P.2d 750 (a foot and back injury); Spieker v. Skelly Oil Co., 1954, 58 N.M. 674, 274 P.2d 625 (a back injury).

The doctrine enunciated in these cases is proper where the residuary clause of § 59–10–18, N.M.S.A., 1953 Comp., applies, but not under the schedule clause of the same statute, as in the Maestas and Gonzales cases, supra, and the instant case. We hold that the limitation commenced with the notice from the insurance carrier and that, therefore, the claim was not prematurely filed.

The issue as to whether or not the claimant may be entitled to an award under the residuary clause of the statute is not before us, and we expressly decline comment thereon.

We conclude that the order of dismissal for prematurity was erroneous and that the case must be reversed and remanded to the trial court for further proceedings not inconsistent herewith.

It is so ordered.

McGHEE, C. J., and COMPTON, MOISE, and CHAVEZ, JJ., concur.