378 P.2d 374

**William Joe UTTER, Plaintiff-Appellant,**

**v.**

**MARSH SALES COMPANY, Inc., a corpora-
tion, Employer; and Mountain States Mu-
tual Casualty Company, a corporation, In-
surer, Defendants-Appellees.**

**No. 7166.**

Supreme Court of New Mexico.

Jan. 28, 1963.

———◆———

Ben F. Roybal, Joe Angel, Albuquerque,
for appellant.

Modrall, Seymour, Sperling, Roehl &
Harris, Frank H. Allen, Jr., Albuquerque,
for appellees.

COMPTON, Chief Justice.

The claimant appeals from a judgment denying workmen's compensation benefits for the loss by amputation of certain toes and fingers as the result of frostbite.

The cause was heard on the merits. The trial court found that the injury complained of did not arise out of or in the course of the employment and was not reasonably incident thereto; that claimant by reason of his employment was not subjected to a greater risk or hazard than that to which the general public was exposed. The court then concluded that the claimant was not entitled to compensation. Accordingly, judgment was entered dismissing the complaint with prejudice, and the claimant has appealed for the review of alleged errors.

Appellant was employed by appellee as manager of its Albuquerque store in the sale of equipment and supplies for hotels, restaurants, markets and bars. His duties included going out on collections and sales in the areas of Gallup, Farmington, Las Vegas, Sante Fe, Taos and Espanola. On January 5, 1960, he drove the appellce's pickup truck to Taos arriving about noon. There is evidence that during the course of the day and evening appellant made one or two deliveries and endeavored to solicit orders from various business establishments for his employer.

Appellant's version of the circumstances surrounding the injuries sustained by him is as follows: Sometime between 8:30 and 9:00 P.M. on the evening of January 5, 1960, he took his father-in-law, Jose Gallegos, who was drunk, to Placitas north of Taos and left him there. He then drove in a southwesterly direction through Taos. and out toward Ranchitos where he intended to call upon two bars on behalf of his. employer. Finding the bars in Ranchitos. closed he decided to take a dirt road shortcut connecting the Ranchitos Road with Highway 64, which runs south out of Taos. toward Santa Fe, for the purpose of collecting a delinquent account at a place on Highway 64 just south of Taos. After turning onto the dirt road and before reaching Highway 64 the truck had a flat tire and became stuck in the snow. Appellant got out of the truck to repair the tire. Being unable to do so and in order to get warm before starting to walk he reentered the truck, started the engine and turned on the heater. While thus waiting to warm himself he fell asleep and so remained until 6:00 A.M. the next day. He claims that the heater did not function properly because of a broken thermostat, that he fell asleep because of the extreme cold and thereby suffered frostbite. It is. undisputed that the temperature in the Taos. area at the time in question was 9 degrees. below zero.

Whether the injury arose out of and in the course of employment was a factual

question. While appellant's version has the ring of truth about it, the evidence as to the existence of the delinquent account at the place where claimant claimed he was going is in conflict. Further, the accident occurred approximately one mile south of Taos and one-half mile west of Highway 64. In the vicinity there were houses to one of which appellant went in the morning. The pickup truck was found by an attendant of a garage who towed it in on January 6th to be headed west toward Ranchitos Road, in the opposite direction than that which appellant testified he was proceeding. The attendant testified that it would have been very difficult to turn a truck around on the 12 foot wide dirt road. Admittedly, appellant had been drinking. It can be correctly said that much of the conflict is the result of discrepancies in the appellant's own testimony and his previous sworn statements taken about a month after the accident.

This court has repeatedly held that where there is a conflict in the evidence it is for the trier of the facts to determine the weight to be given to the evidence and the credibility of the witnesses, and on appeal the conflict will be resolved in favor of the judgment. And if questioned findings are supported by substantial evidence this court will not disturb them. Dowaliby v. Fleming, 69 N.M. 60, 364 P.2d 126; Luna v. Flores, 64 N.M. 312, 328 P.2d 82; Fitzgerald v. Fitzgerald, 70 N.M. 11, 369

P.2d 398; Grisham v. F. H. Nelms et al., N.M., 376 P.2d 1.

In determining the substantiality of the evidence to support the findings, this court will view the evidence, together with all reasonable inferences to be deduced therefrom, in the light most favorable to the successful party. Viramontes v. Fox, 65 N.M. 275, 335 P.2d 1071; Cochran v. Gordon, 69 N.M. 346, 367 P.2d 526. Our review of the evidence leads us to the conclusion there is substantial evidence to support the findings made.

The trial court made various evidentiary findings; a finding that appellant was injured by reason of his intoxication; and a finding that due to his intoxicated condition he fell backwards into the snow where he remained until approximately 6:00 A.M. on January 6, 1960. It is contended that these findings are not supported by substantial evidence. There is no basis for this contention. The rules just announced relate to ultimate findings, not evidentiary findings. The conclusion reached disposes of this contention. If the injury did not arise out of and in the course of the employment, the question of intoxication has no bearing whatever.

Appellant makes the point that there was error in the admission into evidence, for impeachment purposes, a prior written statement purportedly made by the witness Jose Gallegos, when such witness

**338**

had not testified at the trial. We need not pass upon the competency of the evidence. Aside from the written statement, there is sufficient competent evidence to support the findings and conclusion, and in the absence of a showing of prejudice, and there is none shown, there is a presumption that incompetent evidence was disregarded. Appellant did not overcome this presumption. Absent a showing of prejudice, the error, if any, was harmless and will be disregarded. Thompson v. The Banes Company, Inc., N.M., 376 P.2d 574; Johnson v. Nickels, 66 N.M. 181, 344 P.2d 697; Newbold v. Florance, 56 N.M. 284, 243 P.2d 597; Keil v. Wilson, 47 N.M. 43, 133 P.2d 705, 148 A.L.R. 397; Goldenberg v. Law, 17 N.M. 546, 131 P. 499. See Robinson v. Mittry Bros., 43 N.M. 357, 94 P.2d 99; Bounds v. Garner, 53 N.M. 234, 205 P.2d 216.

Appellant, having failed below and on appeal, is not entitled to the allowance of a fee for the services of his attorneys. Pate v. Makin Drilling Company, 66 N.M. 402, 349 P.2d 121; Thompson v. The Banes Company, Inc., supra.

For the reasons given, the judgment of the district court is affirmed. It is so ordered.

CARMODY and NOBLE, JJ., concur.

CHAVEZ and MOISE, JJ., not participating.