385 P.2d 960

**Joe C. SISNEROS, Claimant, Plaintiff-Appellant,**

**v.**

**BREESE INDUSTRIES, INC., Employer, and American Employers Insurance Company, Insurer, Defendants-Appellees.**

**No. 7230.**

Supreme Court of New Mexico.

Sept. 16, 1963.

O. Russell Jones, Alfonso G. Sanchez, Matias A. Zamora, Santa Fe, for appellant.

Seth, Montgomery, Federici & Andrews, George A. Graham, Jr., Santa Fe, for appellees.

CHAVEZ, Justice.

This is an appeal from a judgment entered against claimant-appellant denying him partial permanent disability compensation

and dismissing the complaint, full schedule disability compensation having been paid by appellees.

On July 8, 1959, claimant was employed by appellee, Breese Industries, Inc., as a punch-press operator. On said date, claimant was operating the press when he put a plate into the machine to make a product. The machine press came down on claimant's left hand. Claimant had not pressed the handles of the machine or the press levers. As the result of the accident, claimant had his first finger amputated between the second joint and the proximal joint, and his second, third and fourth fingers were amputated slightly above the proximal joint. In addition, claimant suffered a cut in the palm of the same hand about two inches in length, which went between the fourth and fifth metacarpals. From the date of the injury, July 8, 1959, to September 17, 1959, the duration of the healing period, temporary total disability in the amount of $36 per week for 10 weeks was paid to claimant by appellees. Claimant also received from appellees, for schedule injury, 75 weeks of compensation at $36 per week, representing 22 weeks for the loss of the first finger at the proximal joint, 22 weeks for the loss of the second finger at the metacarpal bone, 17 weeks for the loss of the third finger at the metacarpal bone, and 14 weeks for the loss of the fourth finger at the metacarpal bone, as provided in § 59–10–18.4, N.M.S.A., 1953 Comp.

Claimant's point II is the crux of this decision. He contends therein that compensation for his injuries should not be limited to that amount which conforms to the schedule set forth in § 59–10–18.4, supra, for the loss of his fingers, but that he should be allowed to recover for partial permanent disability as well.

This question was before this court in the case of Boggs v. D & L Construction Company, 71 N.M. 502, 379 P.2d 788. In that case, we reversed the judgment of the district court which granted total permanent disability to a workman who suffered a severely broken knee. As a result of the injury, claimant suffered from pain in the knee and other parts of the body and, as a consequence, lost sleep, had trouble walking and had, on occasion, fallen. In Boggs, the evidence was clear that any disability to the workman's body, as a whole, was a direct result of the injury to his knee. Section 59–10–18.4, supra, was referred to and it was pointed out that its provisions established the compensation to be paid for the listed injuries, which includes not only the loss of specific body members but for the loss of their use as well. This court went on to say that the legislature gave discretion to the courts to award enlarged compensation benefits in the event of actual amputation, where there is substantial evidence to support a finding that, because of the workman's advanced age, lack of education, or lack of training, he will be

disabled for a longer time than specified in the schedule. The court concluded:

"* * * The only reasonable construction, giving full effect to all parts of the statute, is that the schedule injury section is exclusive, unless there is proof of separate and distinct impairment to other parts of the body in addition to the disability resulting from the injury to the scheduled member."

■ In the instant case, claimant's evidence showed that he suffered a laceration two inches long between the fourth and fifth metacarpals of the same hand from which the fingers were lost, creating a scar and causing pain; that he suffered pain in his hand, arm and neck, and had lost strength in his left arm. On this basis, claimant would have had the trial court find him to be permanently partially disabled to such an extent that he is entitled to be compensated accordingly, rather than being compensated, as he has been, for the loss of his fingers as scheduled injuries.

This contention is without merit. This court has said that a finding that the claimant suffers pain in other parts of the body and, as a consequence, loses sleep, is not a sufficient finding of general body impairment which extends the disability beyond that provided in the schedule. Boggs v. D & L Construction Company, supra. It is inherent in the very nature of a physical injury of the magnitude suffered by claimant that pain and suffering will accompany it. Such pain and suffering may not be limited to the affected member alone, but spread to other parts of the body. Even so, it is still incident to the injury suffered and, as such, cannot be the basis for compensation as a separate claim.

■ Claimant's first point is that the trial court erred in its interpretation and application of § 59–10–18.3, N.M.S.A., 1953 Comp. This point is wholly without merit as § 59–10–18.3, supra, is applicable only for partial disability resulting from injuries not specifically provided for in § 59–10–18.-4, supra.

■ Claimant's third point concerns the failure of the trial court to award claimant attorney's fees. Claimant, by this action, has received no additional compensation. Rather, the end result is that he has gained nothing. Accordingly, an award of attorney's fees would have been error. The recovery of compensation is a prerequisite to the allowance of attorney's fees. Section 59–10–23, N.M.S.A., 1953 Comp.; Pate v. Makin Drilling Company, 66 N.M. 402, 349 P.2d 121.

Finding no error, the judgment appealed from is affirmed.

It it so ordered.

COMPTON, C. J., and CARMODY, J., concur.