419 P.2d 250

**Jesse D. BAKER, Plaintiff-Appellee,**

**v.**

**SHUFFLEBARGER & ASSOCIATES, INC., Employer, and Mountain States Mutual Casualty Company, Insurer, Defendants-Appellants.**

No. 7937.

Supreme Court of New Mexico.

Sept. 12, 1966.

Rehearing Denied Oct. 24, 1966.

Modrall, Seymour, Sperling, Roehl & Harris, James A. Parker, Albuquerque, for appellants.

Rodey, Dickason, Sloan, Akin & Robb, James C. Ritchie, Albuquerque, for appellee.

## OPINION

E. T. HENSLEY, Jr., Chief Judge, Court of Appeals.

This is an action to recover benefits afforded by the Workmen's Compensation Act. The claimant was awarded judgment in the trial court and the defendants have appealed.

The defendants' fifth defense presented in their answer raised the issue of the statute of limitations included in the Workmen's Compensation Act. After trial the defendants requested a conclusion that the action was not timely filed. The decision filed by the court contains no finding on the issue of the statute of limitations.

█ At the outset, we are confronted with a series of established rules of law. In Linton v. Mauer-Neuer Meat Packers, 71 N.M. 305, 378 P.2d 126, we concluded:

"We recognize that the limitations statute, as to workmen's compensation, is what has frequently been termed a jurisdictional matter * * *, and the burden is on the claimant to prove compliance therewith. * * *"

See also Selgado v. New Mexico State Highway Department, 66 N.M. 369, 348 P.2d 487; Sanchez v. Bernalillo County, 57 N.M. 217, 257 P.2d 909. Next, in Hoskins v. Albuquerque Bus Company, 72 N.M. 217, 382 P.2d 700, we there concluded:

"* * * Even if omissions were made, it is the rule in this jurisdiction that a failure by the trial court to find a material fact *must* be regarded as a finding *against* the party having the burden of establishing such fact. * * *" (Emphasis supplied.)

The same ruling was announced in Farrar v. Hood, 56 N.M. 724, 249 P.2d 759. In view of the foregoing rules and because of the failure of the trial court to announce a finding on the issue of the statute of limitations, we must assume that the action was not timely filed. This assumption and the judgment in favor of the claimant present a irreconcilable conflict.

█ Lastly, it should be noted that since we have termed the matter as jurisdictional, Linton v. Mauer-Neuer Meat Packers, supra, we are next concerned with State v. Arnold, 51 N.M. 311, 183 P.2d 845, wherein we repeated:

"Lack of jurisdiction at any stage of a proceeding is a controlling consideration to be resolved before going further."

We must therefore remand this cause for further finding on the issue of timeliness under § 59–10–13.6, subd. A, N.M.S.A.1953,

and for such subsequent action as will be consistent with the finding to be made.

It is so ordered.

CHAVEZ and MOISE, JJ., concur.