436 P.2d 502

Dwight BAKER and Russell Baker, Heirs and Residuary Legatees under the Last Will and Testament of Jesse D. Baker, Deceased, Plaintiffs-Appellees,

v.

SHUFFLEBARGER & ASSOCIATES, INC., Employer, and Mountain States Mutual Casualty Company, Insurer, Defendants-Appellants.

No. 8403.

Supreme Court of New Mexico.

Jan. 22, 1968.

Modrall, Seymour, Sperling, Roehl & Harris, James A. Parker, Kenneth L. Harrigan, Albuquerque, for appellants.

Rodey, Dickason, Sloan, Akin & Robb, James C. Ritchie, Albuquerque, for appellee.

## OPINION

MOISE, Justice.

In this workmen's compensation action judgment was entered in favor of the claimant. One of the defenses pleaded was the statute of limitations. Without a finding on this issue, the trial court nevertheless determined that claimant was entitled to recover for total and permanent disability. This ruling was appealed. Upon consideration of the appeal we remanded the case to the trial court for a finding on the question of timeliness under § 59–10–13.6, N. M.S.A.1953. Baker v. Shufflebarger & Associates, Inc., 77 N.M. 50, 419 P.2d 250 (1966).

Jesse D. Baker, the claimant, has died since the action was last appealed. His estate has been duly probated, and it has been determined that pursuant to Supreme Court Rule 8(6), (7) (§ 21–2–1(8) (6) and (7), N.M.S.A.1953) the action should be revived in the name of Dwight Baker and Russell Baker, heirs and residuary legatees under the last will and testament of Jesse D. Baker, deceased.

Upon remand of the cause the trial court entered an order making a new finding of fact numbered 6. It reads:

"That at no time during the time that he was receiving maximum compensation benefits from June 20, 1960 through August 8, 1964 did the plaintiff receive notice, nor is he charged with notice, that

644

the payments he was receiving or would receive in the future would be for 'permanent partial disability', i. e. for the loss of a leg only; but to the contrary, from letters which were received by him and by his brother from Mountain States Mutual Casualty Company dated July 25 and August 20, 1962, he was advised that payments were being made for 'permanent total disability', which means the benefits were being paid for the injury to the scheduled member and also to parts of the plaintiff's body not included in the schedule; and he was not informed in person that the payments he was receiving and would receive in the future were for 'permanent partial disability', i. e. for the loss of the leg only."

In the order on remand the court also made an additional conclusion of law numbered 4, which reads:

"That this action was timely filed by the plaintiff; and that the claim of the plaintiff, Jesse D. Baker, is not barred by the Statute of Limitations contained in Section 59–10–13.6A; but rather, was filed within one year after the failure or refusal of the defendants to pay compensation."

Appellants here argue that the claim was not timely filed as found by the trial court (finding 6 above), but was barred under the statute, and that the finding as made "is contrary to the documentary evidence and is without support in the record."

There is no question that claimant (appellees' predecessor), a man 72 years of age, was accidentally injured June 20, 1960, in the course of his employment by appellant-employer, or that he was paid compensation for 215 weeks through August 1, 1964, totalling $8,170.00. The injury was to an ankle and required recurrent surgery resulting in a shortening of the leg. The trial court found, in addition to the shortened leg (and probably as a result), employee had a pelvis tilt; an abnormal curve of the spine; a loss of vascular supply to his foot; neck pain and limited neck motion, and was required to use a built-up shoe and leg brace

and to take medication. Appellants challenge this finding and assert that employee refused to wear the elevated or built-up shoe and because of this fact he walked with a list and had a tilt of the pelvis.

Concerning the immediate issue, it is appellants' position that from and after May 21, 1962, it had been made clear to employee that all future payments would be made as required for a scheduled injury to a foot at the ankle (§ 59–10–18.4(A) (32), N.M. S.A.1953), and that, under the doctrine of Gonzales v. Gackle Drilling Company, 67 N.M. 130, 353 P.2d 353 (1960), suit instituted October 29, 1964, more than two years after notice that compensation was being paid for scheduled injuries was barred under § 59–10–13.6, N.M.S.A.1953, limiting time to sue to one year after failure or refusal of the employer or insurer to pay compensation.

The argument is based on the holdings of this court to the effect that when evidence on an issue is primarily or substantially all documentary, the Supreme Court is as well positioned as the trial court to consider and weigh the evidence and determine the facts disclosed thereby. Garry v. Atchison, Topeka and Santa Fe Railway Co., 71 N.M. 370, 378 P.2d 609 (1963); Newbold v. Florance, 56 N.M. 284, 243 P.2d 597 (1952); Valdez v. Salazar, 45 N.M. 1, 107 P.2d 862 (1940). See also, Commercial Warehouse Co. v. Hyder Brothers, Inc., 75 N.M. 792, 800, 411 P.2d 978, 983 (1966). For the reasons hereinafter enumerated, we conclude that appellants' argument does not require a reversal.

Although, as already noted, appellants urge that the proof is substantially all documentary and that we should accordingly weigh it ourselves, and that the court's findings are unsupported, we find the argument advanced to be without merit. This is amply demonstrated by some of the findings requested by them. Requested finding No. 9 refers to a conference on May 7, 1962, between defendant-insurer and plaintiff-claimant. Requested finding No. 10 deals with another conference on May 21, 1962,

between plaintiff-claimant and defendant-insurer. Parol evidence of both plaintiff-claimant and defendant-insurer's representative was offered and received in the trial covering the content of these conferences. Needless to say, a conflict was present therein as to whether it was brought home to claimant that all future payments would be for a scheduled injury so as to start the running of the one-year statute of limitations. All the evidence giving rise to these requested findings was oral, and was a substantial part of the entire proof in the case.

The documentary proof relied on by appellants as being substantially all the proof —which it was not, as already noted—consists of correspondence between appellant-insurer and Russell Baker, a brother of claimant and a practicing attorney in Chicago, Illinois, during the months of August and September, 1962, and notations on the semi-monthly checks delivered to and cashed by claimant commencing July 27, 1962. These checks generally bore notations, "Permanent Disability—Balance due —— weeks." Each successive check showed in the blank place a number, starting with "105" in the July 27, 1962 check and reduced by two in each succeeding payment. In addition to this language, each check recited it was "For: Compensation;" set forth the two-week period covered, the total amount and the number of weeks for which payment had been made.

Although we doubt that correspondence between appellant-insurer and Russell Baker should be considered as correspondence with claimant's attorney, Russell Baker not being admitted to practice in New Mexico and appellant-insurer never having considered him as counsel, as witness its continued discussions with claimant himself, we note reference in a letter dated August 20, 1962 from appellant-insurer to Russell Baker, stating that, "We are now paying him (Jesse D. Baker) the *permanent disability due him* * * *." Nowhere in the letters is it made clear that this language or the words "permanent total disability," also found therein, was intended to refer

to the limited amounts as provided in the schedule. Notwithstanding appellant-insurer would excuse this language as an inadvertent slip—and possibly it was—to say the least, a measure of uncertainty or ambiguity was thereby introduced into the negotiations.

There was other correspondence during the period August 6, 1962 to January 10, 1963 which appears in the record between appellant-insurer and Russell Baker, and one letter dated July 25, 1962, from appellant-insurer to the claimant. It is interesting to note that on July 25, 1962, claimant was told that a settlement offer therein referred to, assertedly made May 21, 1962, was based on 100% disability to the foot at the ankle for 115 weeks, as provided in the New Mexico Workmen's Compensation Act, and stated that "all payments since May 21, 1962 are marked for permanent disability * * *." No explanation is contained anywhere that payments for "permanent disability" were considered to be the same as those referred to as being in accord with the compensation law. Neither does it appear that reference to "permanent disability" was contained on all checks paid after May 21, 1962. To the contrary, this notation is first shown on a check dated July 27, 1962, and, in addition, shows a notation of, "Balance due 105 weeks." Evidently, ten weeks of the 115-week period, as figured by insurer, had already passed before it was first placed on the checks. We also note that on a number of later checks the notations, both of "permanent disability" and of the reducing number of weeks remaining, were omitted.

■ Considering the record as a whole, we encounter no difficulty in concluding that this is not a case where substantially all of the evidence is documentary so as to make applicable the rule set forth above and sought to be invoked by appellants. See Newbold v. Florance, supra. Neither is the documentary or parol evidence so clear and unequivocal as to require a finding and conclusion contrary to those made by the court. We are satisfied that there is ample and

substantial support for the findings as made, and that they should not be disturbed by us. Allsop Lumber Co. v. Continental Casualty Co., 73 N.M. 64, 385 P.2d 625 (1963).

We are thus brought to a consideration of the additional points relied on for reversal as set forth in the first appeal but not considered by us. They are here advanced again.

The first of these points asserts that there being a dispute present between claimant and insurer as to the amount of compensation to which claimant was entitled, the receipt, acceptance and cashing of checks every two weeks, with notations thereon of the number of weeks remaining unpaid, until the full amount insurer claimed to be due had been paid and received by the claimant, resulted in an accord and satisfaction and appellees are accordingly estopped to claim more.

Appellants sought a finding of fact and conclusion of law in line with this claimed defense. These requests were refused by the court, but no findings to the contrary were made. The burden of proof of the defense was clearly upon appellants, and the failure to make the finding must be considered as a finding against them. Tsosie v. Foundation Reserve Insurance Company, 77 N.M. 671, 427 P.2d 29 (1967); Silversmith v. Marchiondo, 75 N.M. 290, 404 P.2d 122 (1965); Hoskins v. Albuquerque Bus Company, 72 N.M. 217, 382 P.2d 700 (1963); Farrar v. Hood, 56 N.M. 724, 249 P.2d 759 (1952).

Any argument that the evidence is all to the contrary of this presumed finding is, in our opinion, sufficiently answered by what we have said concerning the conflict and uncertainties present, as disclosed by the parol and documentary evidence of the dealings between the parties. See Annot., 75 A.L.R. 905, 923 (1931); 34 A.L.R. 1035, 1052 (1925).

We are unable to conclude that the proof would require a finding that the circumstances necessary to constitute an accord and satisfaction as expressed in Frazier v. Ray, 29 N.M. 121, 219 P. 492 (1923), relied on by the defendants, are present in this case. One of these necessary circumstances is that the creditor be fully aware that he is accepting payment subject to the condition that it is made in full satisfaction of a disputed claim. Note the language of Miller v. Prince Street Elevator Co., 41 N.M. 330, 337, 68 P.2d 663, 667 (1937):

"To constitute an 'accord and satisfaction' in law dependent upon an offer of the payment of money, it is necessary that the money be offered in full satisfaction of the demand or claim of the creditor, and be accompanied by such acts or declarations as amount to a condition that if the money be accepted it is to be in full satisfaction and to be of such character that the creditor is bound so to understand such offer."

Considering the variation in the notations on the checks, as well as the other uncertainties and ambiguities, it is sufficiently clear that there never was any understanding that the checks were being received and cashed merely in payment for a scheduled injury so as to accomplish an accord and satisfaction of all claims.

Also, it may be that had any accord been reached, it would not have been supported by consideration and thus not be binding on the claimant. See Buel v. Kansas City Life Ins. Co., 32 N.M. 34, 250 P. 635, 52 A.L.R. 367 (1926). But see 1 Williston on Contracts (3rd Ed. 1957) § 129; 6 Corbin on Contracts (1962) § 1289. Appellants' point is held to be without merit.

Appellants next argue that the injury to claimant was a scheduled injury and it was error for the court to award total and permanent disability to the body as a whole. The question is simply one of whether under our cases the proof established the scheduled injury alone without involvement of any other parts of the body. In Boggs v. D & L Construction Co., 71 N.M. 502, 379 P.2d 788 (1963), followed by Sisneros v. Breece Industries, Inc., 73 N.M. 101, 385 P.2d 960 (1963), such facts were held to

limit recovery to the amount provided in the schedule. On the other hand, did the evidence support findings of disability to the body as a whole resulting from injury to a scheduled member? A divided court in Salome v. Eidal Manufacturing Company, 75 N.M. 354, 404 P.2d 308 (1965), and a unanimous panel in the very recent case of Casados v. Montgomery Ward & Co., Inc., 78 N.M. 392, 432 P.2d 103, decided September 25, 1967, determined that under such circumstances recovery was not limited by the schedule but could properly include additional amounts.

 The facts proved provide strong support for the findings made and bring the case within the rule announced in the cases last cited. There was no reversible error. Compare Mathews v. New Mexico Light & Power Co., 46 N.M. 118, 122 P.2d 410 (1942).

Finally, appellants complain that an award of $2,375.00 as attorney fees for representing claimant in the district court "is unjust, and without foundation in fact or law." Consideration of appellants' arguments and authorities fails to convince us that under our holding in Shillinglaw v. Owen Shillinglaw Fuel Company, 70 N.M. 65, 370 P.2d 502 (1962), the trial court's determination was outside the bounds of reason, under the circumstances, so as to amount to an abuse of discretion. These are the tests to be applied as announced in that case.

Counsel for appellees have received no allowance of attorney fees for representing claimant and appellees in this court in either this appeal or the previous one. It now has been determined that appellees should prevail and, accordingly, $1,000.00 is fixed as attorney fees in this court.

No reversible error being present, the cause is affirmed and remanded to the district court with instructions to proceed in accordance herewith.

It is so ordered.

CHAVEZ, C. J., and COMPTON and CARMODY, JJ., concur.

NOBLE, Justice (dissenting).

The injury in this case was limited to a specific body member, the lower left leg. The disability to other parts of the body for which total permanent disability compensation was awarded was clearly "disability resulting from an accidental injury to specific body members," i. e., the lower part of the left leg. The trial court specifically so found.

For the reasons set forth in the dissent to Webb v. Hamilton, No. 8132, opinion filed this day, § 59–10–18.4, N.M.S.A.1953, restricts the compensation award for such resulting disability to that provided in § 59–10–18.4, schedule A. Accordingly, I cannot agree with the interpretation placed on § 59–10–18.4, supra, by the majority and must dissent.