622 P.2d 1047

STATE of New Mexico,
Plaintiff-Appellee,

v.

Harmon Lee ELLIS,
Defendant-Appellant.

No. 4324.

Court of Appeals of New Mexico.

Dec. 30, 1980.

Certiorari Denied Jan. 27, 1981.

John B. Bigelow, Chief Public Defender, Michael Dickman, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

Jeff Bingaman, Atty. Gen., Eddie Michael Gallegos, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

HENDLEY, Judge.

Convicted of escape from the penitentiary contrary to § 30–22–9(A), N.M.S.A.1978, de-

fendant appeals on the issue of whether the "lawfulness" of his penitentiary commitment was sufficiently proven by the State. Defendant asserts that the trial court erred in admitting State's Exhibit No. 2 and in finding that defendant's transfer from Arizona to New Mexico was proper. Issues raised in the docketing statement and not briefed are deemed abandoned.

### *"Lawfulness"*

Defendant contends that the State failed to prove an essential element of § 30–22–9, *supra*, lawful commitment:

30–22–9. *Escape from penitentiary.*

Escape from penitentiary consists of any person who shall have been lawfully committed to the state penitentiary:

A. escaping or attempting to escape from such penitentiary; or

B. escaping or attempting to escape from any other lawful place of custody or confinement and although not actually within the confines of the penitentiary.

Whoever commits escape from penitentiary is guilty of a second degree felony.

Defendant collaterally attacks the lawfulness of his commitment to the penitentiary. However, defendant misses the most important point in such a collateral attack, that is, that he had not come forward with any substantive evidence to show that at the time of his escape he was illegally incarcerated. This is a point of first impression in New Mexico; however, cases dealing with collateral attacks on prior convictions are analogous. *See, State v. Wildenstein*, 91 N.M. 550, 577 P.2d 448 (Ct.App.1978); *State v. O'Neil*, 91 N.M. 727, 580 P.2d 495 (Ct. App.1978); and *State v. Lujan*, 90 N.M. 778, 568 P.2d 614 (Ct.App.1977). In habitual offender proceedings this Court has required a defendant to come forward with evidence once he has asserted the invalidity of a prior conviction. The burden of coming forward shifts to a defendant after the State has presented a prima facie showing of a prior conviction. Here the trial court

ruled that the State had presented a prima facie showing of lawful commitment. Defendant had the burden of coming forward with factual evidence to refute that ruling. This he failed to do. Further, there is no indication in the record that defendant challenged the legality of either the original Arizona judgment and sentence or defendant's transfer to New Mexico. Accordingly, the conviction is affirmed.

### *State's Exhibit Number 2*

State's Exhibit No. 2 is an uncertified xeroxed copy of the May 3, 1976, Order of Judgment from the Maricopa County Superior Court in Arizona. Tom Trujillo, New Mexico Penitentiary Records Custodian, and Robert Montoya, Deputy Warden, both testified that the judgment is the legal basis upon which defendant was committed to the New Mexico penitentiary. The exhibit was admitted over defendant's objections that the document was not properly authenticated pursuant to N.M.R.Evid. 902, N.M.S. A.1978.

An analysis of whether a public record of this nature is admissible requires several steps—authentication and admissibility under hearsay exceptions. Unless they fall within the narrow exception for self-authenticating documents, the records must be authenticated. *State v. Ramirez*, 89 N.M. 635, 556 P.2d 43 (Ct.App.1976); *State v. Gallegos*, 91 N.M. 107, 570 P.2d 938 (Ct.App.1977); *State v. Padilla*, 92 N.M. 19, 582 P.2d 396 (Ct.App.1978).

The State contends that the document was properly authenticated under N.M.R. Evid. 901(a) and (b)(1), N.M.S.A.1978, or 902, and properly admitted as an exception to hearsay under N.M.R.Evid. 803(22) or 803(8), N.M.S.A.1978 (Supp.1980). Rule 902 is inapplicable here because it provides that some documents may be self-authenticating. Subsections 902(1), (2) and (4) are inapplicable because the original document was not presented, nor was the copy sought to be admitted certified.

Rule 901 states in part:

*Rule 901. Requirement of authentication or identification.*

(a) *General provision.* The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims.

(b) *Illustrations.* By way of illustration only, and not by way of limitation, the following are examples of authentication or identification conforming with the requirements of this rule:

(1) *Testimony of witness with knowledge.* Testimony that a matter is what it is claimed to be[.]

Trujillo testified he maintains all inmate files and that the judgment and sentence is a document which routinely accompanies a prisoner when he is admitted to the facility. He testified that State's Exhibit No. 2 is a copy of the document in the penitentiary's central file, and that that document is also a copy. Trujillo had no reason to question the document's authenticity. The State contends that this testimony is sufficient to authenticate State's Exhibit No. 2 under Rule 901(b)(1). Although Trujillo had no *personal* knowledge of the circumstances surrounding the preparation of State's Exhibit No. 2 in Arizona, Weinstein's Evidence at 901–21, 22 points out that:

A witness can give relevant testimony with respect to events which occur outside his presence where he has some circumstantial knowledge of these events based on his own observations or perceptions....

.     .     .     .     .

A witness may be able to testify that a matter is what it is claimed to be because of knowledge acquired through his position or experience.

We hold that the document, under the facts of this case, was properly authenticated. However, it must still meet the requirements of a hearsay exception if offered to prove the truth of the assertion contained therein. The State offered the document to show that the defendant was lawfully in New Mexico because he was lawfully judged guilty and sentenced to a prison term in Arizona. The State asserts that the document meets the hearsay exception requirements under Rule 803(22), judgment of a previous conviction, and 803(8), the public records and reports exception. Neither exception is satisfied under the facts here.

However, both the State's and defendant's arguments overlook one exception to the hearsay admissibility requirements—that the evidence has "equivalent circumstantial guarantees of trustworthiness." N.M.R.Evid. 803(24), N.M.S.A.1978 (Supp. 1980). In the instant case, the testimony presented by the prison officials, and the fact that defendant consented to his transfer to New Mexico and had not presented evidence to show the illegality of his transfer or his initial sentence under Arizona law are circumstantial guarantees of the trustworthiness of the exhibit. The trial court did not abuse its discretion in admitting the document and ruling that defendant's commitment was lawful. *State v. Ramirez, supra.*

### Defendant's Transfer

Having disposed of the matter, we feel compelled to comment on the Western Interstate Corrections Compact, § 31–5–4, *et seq.*, N.M.S.A.1978. This is an interstate compact which provides for the orderly transfer of prisoners to better provide confinement, treatment and rehabilitation programs. Contracts which implement the compact must be properly executed by participating states. Pursuant to the Public Records Act, § 14–3–1, *et seq.*, N.M.S.A. 1978, the contracts are to be filed with the Supreme Court Librarian. Section 14–3–20(D), *supra*, states the contract is not effective until filed.

The State Rules Act, § 14–4–1, *et seq.*, N.M.S.A.1978, is inapplicable to interstate agreements. Despite the broad lan-

430

guage in § 14–4–7 regarding "[a]ll pamphlets, reports, proclamations or similar instruments", an interstate agreement contract is not contemplated within that act. Such a document is not an instrument similar to rules, reports and notices issued by state agencies. Further, interstate compacts are specifically treated in the Public Records Act. A specific provision relating to a particular subject will govern with respect to that subject as against a general provision. *See, Cromer v. J. W. Jones Construction Company*, 79 N.M. 179, 441 P.2d 219 (Ct.App.1968).

An exhaustive search of the Supreme Court Library found one contract for a term from April 24, 1973, to June 30, 1974, and a renewal for July 1, 1975, to June 30, 1976. New Mexico does not have valid agreement with Arizona. *See, State v. Joyce*, 94 N.M. 618, 614 P.2d 30 (Ct.App. 1980).

Affirmed.

IT IS SO ORDERED.

LOPEZ and ANDREWS, JJ., concur.