882 P.2d 37

STATE of New Mexico, ex rel., Eluid MARTINEZ, State Engineer; and the Pecos Valley Artesian Conservancy District, Plaintiffs–Appellees,

v.

L.T. LEWIS, et al., United States of America, Defendants–Appellants.

No. 14559.

Court of Appeals of New Mexico.

July 19, 1994.

Stephen R. Farris, Sp. Asst. Atty. Gen., Engineer's Office, Santa Fe, for plaintiffs-appellees.

Richard A. Simms, Jay F. Stein, Simms & Stein, P.A., Santa Fe, for defendants-appellants.

## OPINION

BLACK, Judge.

The previous opinion of the Court, filed on May 17, 1994, is withdrawn, and the following is substituted.

Appellants, members of the Corn family, claim groundwater rights relating back to claimed 1894 surface water rights for Arroyo del Macho and 1902 surface water rights for Salt Creek. The trial court ruled that Appellants failed to prove the applicability of the relation back doctrine. On appeal, Appellants argue that there was not substantial evidence to support the trial court's findings of fact that: (1) Arroyo del Macho and Salt Creek are ephemeral streams without base flow; (2) groundwater from Appellants' wells was not a source of the surface flow at the surface points of diversion; and (3) Appellants failed to establish the nature and extent of prior surface rights. Unpersuaded by Appellants' arguments, we affirm.

### I. STANDARD OF REVIEW

■ Appellants urge this Court to disregard the trial court's findings derived from its interpretation of documentary evidence since this Court may examine the documents directly. Appellants are correct that appellate courts are in as good a position as trial courts to weigh the evidence when the evidence is all, or substantially all, documentary. See Brooks v. Tanner, 101 N.M. 203, 205, 680 P.2d 343, 345 (1984). However, this standard of review does not apply in situations, such as the present case, where only a part of the material evidence is documentary. See Newbold v. Florance, 56 N.M. 284, 288, 243 P.2d 597, 599 (1952).

■ In reviewing a substantial evidence claim, the inquiry is whether substantial evidence supports the judgment of the trial court, not whether evidence supports an alternative result. Sanchez v. Wohl Shoe Co., 108 N.M. 276, 279, 771 P.2d 984, 987 (Ct. App.), cert. dismissed, 108 N.M. 217, 770 P.2d 539 (1989). Although Appellants cite evidence contrary to the trial court's judgment, we may not reweigh the evidence or retry a disputed issue to reach a different result if there is evidence supporting the decision of the trial court. See id.

### II. RELATION BACK DOCTRINE

This case involves application of the relation back doctrine set forth in Templeton v.

*Pecos Valley Artesian Conservancy District,* 65 N.M. 59, 332 P.2d 465 (1958). In *State ex rel. Martinez v. City of Roswell,* 114 N.M. 581, 844 P.2d 831 (Ct.App.), *cert. denied,* 114 N.M. 520, 841 P.2d 1149 (1992), this Court affirmed that "[a] supplemental well priority date may properly 'relate back' to the priority date of the antecedent surface right to which it is supplemental only upon a showing of the *Templeton* factual predicates." *City of Roswell,* 114 N.M. at 589, 844 P.2d at 839. These factual predicates are "that the water sought or captured by the supplemental well is water that would otherwise reach the main channel of the surface source and that such water is a source of flow at the point of surface diversion." *Id.*

Expert witnesses from both sides testified during trial that in the area where Appellants' land is situated the Arroyo del Macho has always carried flood flows. As to Salt Creek, reports written during the 1930s and 1950s described it as an ephemeral stream; 1881 United States Government Land Office field notes indicated that the surveyors did not encounter surface water in it; and even Michael Corn admitted that for the last thirty years the water in Salt Creek consisted only of flood flows. This evidence is substantial and supports the trial court's finding that Arroyo del Macho and Salt Creek are ephemeral streams.

▉ Appellants cite *Langenegger v. Carlsbad Irrigation District,* 82 N.M. 416, 483 P.2d 297 (1971), in support of their argument that it is contrary to the precedent of this Court and administrative practice in the Roswell Artesian Basin "that users whose rights are based on flood flows are precluded from relating back the priority of the supplemental well to their surface rights[.]" We disagree and regard our holding consistent with *Langenegger.* As stated by *City of Roswell:* "the priority of the surface right may attach to a supplemental well only so long as the well captures water that constitutes a part of the base flow of the stream in which the surface rights obtain." 114 N.M. at 585, 844 P.2d at 835 (interpreting *City of Albuquerque v. Reynolds,* 71 N.M. 428, 438–39, 379 P.2d 73, 80 (1962)). There was substantial evidence in the present case that

there was no base flow and any surface water rights were the consequence of only flood flow. By definition, groundwater is not a source of flood flow, and, therefore, Appellants are not entitled to use of the relation back doctrine of *Templeton. See Langenegger,* 82 N.M. at 417–18, 483 P.2d at 298–99 (water which passes through an aquifer before entering a river constitutes base flow while water which passes over the surface of the land before entering a river constitutes flood flow); *cf. City of Roswell,* 114 N.M. at 588, 844 P.2d at 838 ("The *Templeton* doctrine may not be relied upon if the surface flow . . . is not in *direct hydrogeologic* connection with the underground water source."). As to administrative practice, Appellants fail to cite any legal theory and supporting authority for why the State should be bound to such practices. Moreover, the district court did not rely on such administrative practices. Issues unsupported by cited authority will not be considered on appeal. *In re Adoption of Doe,* 100 N.M. 764, 765, 676 P.2d 1329, 1330 (1984).

## III. *SURFACE RIGHTS*

▉ Appellants also argue that the trial court incorrectly found that Appellants had failed to establish the nature and extent of prior surface rights in Arroyo del Macho and Salt Creek. As Appellees point out, however, there was evidence that Appellants held no adjudicated surface water rights; that they had failed to file for a declaration of their surface water rights for Salt Creek until 1990; and that the filed declaration for Arroyo del Macho surface waters was for flood waters only. In addition, the 1922 Pecos River Hydrographic Survey indicates that Appellants' lands were not irrigated during that time. There was expert testimony that any irrigation which occurred on Salt Creek transpired after 1922, was abandoned prior to 1946, and that only one of the ditches from Appellants' claimed rights actually existed on Salt Creek. That ditch was filled with weeds and rattlesnakes and had not been used for an indeterminate period of time. In the Arroyo del Macho area, 1942 United States Government Land Office survey notes indicated that no irrigation was conducted, and there was expert testimony

that 1946 aerial photographs showed no cropping patterns or diversion structures. This evidence is substantial and supports the trial court's finding that Appellants failed to prove the nature and extent of prior surface rights.

## IV. *BURDEN OF PROOF*

■ Finally, Appellants argue that the declarations filed by Herbert and Michael Corn, Appellants' Exhibits VI–P and VI–Q, are prima facie evidence of their right under NMSA 1978, Section 72–1–3 (Repl. Pamp.1985). Setting aside the fact that these exhibits were not admitted into evidence and were ordered stricken from the appellate record, Appellants confuse the burden of going forward with the burden of proof. Section 72–1–3 merely provides that the declarations "shall be prima facie evidence of the truth of their contents." A "prima facie" showing merely establishes the fact if not rebutted. *Goodman v. Brock,* 83 N.M. 789, 792–93, 498 P.2d 676, 679–80 (1972). At most, admission of such declarations would satisfy Appellants' burden of going forward; it would satisfy Appellants' burden of proof only if not rebutted by the state. *See Montoya v. Torres,* 113 N.M. 105, 110–11, 823 P.2d 905, 910–11 (1991); *cf.* SCRA 1986, 11–301 (presumption does not shift burden of proof). In any event, the declarations go to the flood flows, and, as we have previously ruled, groundwater is not a source of flood flow and Appellants are not entitled to relation back on such flood flow. Moreover, the evidence discussed earlier rebuts the legal effect of the statements contained in the declarations.

## V. *CONCLUSION*

We hold that there is substantial evidence to support the trial court's findings of fact, and its decision is affirmed.

IT IS SO ORDERED.

BIVINS and FLORES, JJ., concur.