# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**Opinion Number: 2023-NMCA-010**

**Filing Date: October 28, 2022**

**No. A-1-CA-39874**

**STATE OF NEW MEXICO,**

Plaintiff-Appellant,

v.

**CHRISTOPHER GARCIA,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Brett Loveless, District Judge**

Hector H. Balderas, Attorney General
Emily C. Tyson-Jorgenson, Assistant Attorney General
Santa Fe, NM

for Appellant

Law Office of Erlinda O. Johnson
Erlinda O. Johnson
Albuquerque, NM

for Appellee

## OPINION

**YOHALEM, Judge.**

**{1}** Defendant Christopher Garcia was charged in the Second Judicial District Court with felon in possession of a firearm, contrary to NMSA 1978, Section 30-7-16(A)(1) (2020, amended 2022). The State appeals from the district court's dismissal of this charge at preliminary hearing. *See* NMSA 1978, § 39-3-3(B)(1) (1972) (allowing the state to appeal to this Court from "a decision, judgment or order dismissing a complaint, indictment or information as to any one or more counts"). The district court dismissed with leave to refile based on the State's failure to offer admissible evidence establishing that Defendant had a prior felony conviction, an essential element of the offense charged.

**{2}** The sole evidence of Defendant's prior conviction offered by the State was in the form of documents printed from Odyssey, the electronic filing and record-keeping system used by New Mexico courts. The State argued that the documents were self-authenticating under Rule 11-902 NMRA, New Mexico Supreme Court Order No. 13-8500 (Aug. 28, 2013) (Order 13-8500), and by a letter construing that order drafted by Second Judicial District Court Chief Judge Nash in 2014 and circulated to the district court judges (the Odyssey Letter). The district court concluded that the documents were not properly authenticated under Rule 11-902, and were, therefore, inadmissible. After finding sua sponte that judicial notice under Rule 11-201 NMRA was also not appropriate under the circumstances, and rejecting the State's reliance on the catch-all exception to the hearsay rule, Rule 11-807 NMRA, the court dismissed the felon in possession of a firearm charge without prejudice. Finding no error by the district court, we affirm.

## BACKGROUND

**{3}** Defendant was charged with third degree felon in possession of a firearm. At Defendant's preliminary hearing, the State sought to prove Defendant's status as a felon, an essential element of the charge, by offering into evidence two documents printed from the Odyssey electronic system: a repeat offender plea and disposition agreement and a judgment and sentence in the same case. The printed copies of the documents show a Second Judicial Court case number; the file stamp of the clerk of that court; the signatures of a judge of that court, Defendant, the prosecutor, and the defense attorney; and a name, date of birth, and the last four digits of a social security number that match Defendant's. The documents were not sealed or certified and signed by the clerk of the court.

**{4}** Defendant objected to the admission of the documents, arguing that they were neither certified nor otherwise authenticated. The district court sua sponte raised the possibility of taking judicial notice of Defendant's prior conviction under Rule 11-201. The court concluded that judicial notice was not appropriate under the circumstances because Defendant's status as a felon was an element of the crime charged and because Defendant was disputing the evidence of his conviction.

**{5}** The district court then asked if the State had certified copies. The prosecutor answered by arguing that the district court should admit the Odyssey printouts because they were self-authenticating under the interpretation of Order 13-8500 in the Odyssey Letter. We note that the State did not provide the district court or Defendant with a copy of the Odyssey Letter and that the State has not included the Odyssey Letter in the record on appeal. The district court responded that it did not understand the Odyssey Letter to address the admission of documents into evidence.

**{6}** The State also relied on Order 13-8500, arguing that it modified the rules of evidence to make documents printed from Odyssey self-authenticating. The State argued that certification from the court clerk was no longer required. The district court

disagreed, concluding that the documents were not properly authenticated, and excluded them from evidence.

**{7}** The State then argued that the documents should be admitted under the residual exception to the hearsay rule: Rule 11-807. The district court concluded that, although the documents had "guarantees of trustworthiness and are offered as evidence of the material fact of [Defendant's] status as a felon," two requirements for applying the residual exception to the hearsay rule were not met: that the documents were more probative on the point for which they were offered than certified copies of the documents and that the State used reasonable efforts to obtain certified copies before turning to Rule 11-807. Although not discussed at the preliminary hearing, the district court also found the documents inadmissible under Rule 11-803(6) NMRA, the exception to hearsay for records of regularly conducted activities, because the State failed to offer the testimony of a records custodian.

**{8}** The district court dismissed the charge without prejudice. This appeal followed.

## DISCUSSION

**{9}** Rather than obtaining certified copies of the documents and refiling, as the district court's order permits, the State has appealed the exclusion of the documents from evidence and the dismissal of the charges to this Court. In its appeal, the State seeks clarification of the authentication requirements for the admission into evidence of court pleadings printed from Odyssey and asks, in particular, for clarification of Order 13-8500. We address the authentication requirements for pleadings and orders printed from Odyssey first, and then briefly respond to the State's argument that the documents should have been admitted under either the residual exception to the hearsay rule, Rule 11-807, or the exception to the hearsay rule for records of regularly conducted activities, Rule 11-803(6). Finally, we review the district court's rejection of judicial notice as an alternative way of admitting the Odyssey printouts. Finding no error, we affirm the district court's decision in all respects.

## I.     Court Documents Printed From Odyssey Are Not Self-Authenticating

**{10}** The State renews on appeal its argument that all documents printed from the Odyssey electronic system are self-authenticating. The State claims that Odyssey documents are the official record of our courts and that because the official record is now directly accessible to attorneys and the public in its official electronic form, authentication by certification of the court clerk is unnecessary and redundant. The State relies on the Odyssey Letter's interpretation of Order 13-8500 to support its claim.

**{11}** "With respect to the admission or exclusion of evidence, we generally apply an abuse of discretion standard where the application of an evidentiary rule involves an exercise of discretion or judgment, but we apply a de novo standard to review any interpretations of law underlying the evidentiary ruling." *Holzem v. Presbyterian Healthcare Servs.*, 2013-NMCA-100, ¶ 14, 311 P.3d 1198 (internal quotation marks and

citation omitted). Because the State's argument on appeal raises a threshold legal question requiring us to determine how to apply and interpret Order 13-8500 and New Mexico's Rules of Evidence governing authentication of documents, we review this question de novo. *See State v. Jesenya O.*, 2022-NMSC-014, ¶ 10, 514 P.3d 445 ("[W]e review de novo the threshold legal question as to the proper framework within which to analyze a particular evidentiary issue."); *Holzem*, 2013-NMCA-100, ¶ 14 (noting that this Court applies a de novo standard to review interpretations of law underlying evidentiary rulings); *accord H-B-S P'ship v. Aircoa Hosp. Servs., Inc.*, 2008-NMCA-013, ¶ 5, 143 N.M. 404, 176 P.3d 1136 ("[T]he interpretation of rules is a question of law.").

**{12}** We note at the outset of our discussion that the State failed to argue in the district court that the documents satisfied the authentication requirements of Rule 11-901 NMRA, and failed as well to offer any of the types of evidence identified in Rule 11-901(B) as sufficient to authenticate a document. Nor has the State made a plain error argument on appeal. The State thus did not preserve a Rule 11-901 argument for appeal; therefore, we do not address the applicability of Rule 11-901. *See State v. Druktenis*, 2004-NMCA-032, ¶ 122, 135 N.M. 223, 86 P.3d 1050 ("[G]enerally, [we] will [not] address issues not preserved below and raised for the first time on appeal."); *State v. Gutierrez*, 2003-NMCA-077, ¶ 9, 133 N.M. 797, 70 P.3d 787 (stating that appellate courts normally do not review for fundamental or plain error when not requested by the appellant).

**{13}** We turn to the State's preserved arguments, which focus on the admissibility of documents printed from Odyssey as self-authenticating documents under Rule 11-902. Rule 11-902 provides a limited list of types of documents that are self-authenticating; self-authenticating documents are documents "requir[ing] no extrinsic evidence of authenticity in order to be admitted." *Id.* The State relies on Subsections (1), (2), (4), and (11) of Rule 11-902. Subsections (1), (2), and (4) address domestic public records and public documents. These three subsections require either a government seal and a signature, a certification and a signature, or a certification alone in order to be self-authenticating. Subsection (11) allows a copy of a record of regularly conducted activity, which meets the requirements of Rule 11-803(6)(a) to (c), to be admitted if the record is certified and the adverse party is given prior notice and an opportunity to inspect the document.

**{14}** The State does not contend that the documents printed from Odyssey, which are at issue here, were certified or sealed in accordance with the requirements found in all four subsections of Rule 11-902 cited by the State on appeal. The State instead turns to Order 13-8500 and claims that order amends or supplements Rule 11-902, making pleadings printed from the Odyssey electronic system self-authenticating documents admissible into evidence without any certification or seal attesting that they are true and correct copies of the original court record. The State relies heavily on the Odyssey Letter for what it claims is an interpretation of Order 13-8500 supportive of the State's argument. We, however, do not consider the Odyssey Letter in our analysis. We are unable to do so because the State failed to make the Odyssey Letter part of the record

on appeal. *Cf. State ex rel. State Highway Comm'n v. Sherman*, 1971-NMSC-009, ¶ 6, 82 N.M. 316, 481 P.2d 104 ("A litigant seeking review of a ruling of the trial court has the duty to see that a record is made of the proceedings he desires reviewed; otherwise, the correctness of such ruling cannot be questioned."). Further, one district court judge's interpretation of Order 13-8500 is not controlling because it is our Supreme Court that has "the power to regulate pleading, practice and procedure in inferior courts" under the New Mexico Constitution. *Alexander v. Delgado*, 1973-NMSC-030, ¶ 8, 84 N.M. 717, 507 P.2d 778.

**{15}** "We interpret our Supreme Court's rules of procedure [and orders governing procedure] just as we interpret statutes: by determining the underlying intent of the enacting authority." *State v. Cabral*, 2021-NMCA-051, ¶ 25, 497 P.3d 670. "We begin by examining the plain language of the rule as well as the context in which it was promulgated, including the history of the rule [or order] and the object and purpose." *Id.* (internal quotation marks and citation omitted). When a rule or order contains terms that are "clear and unambiguous, we must give effect to that language and refrain from further statutory interpretation." *State v. Roeper*, 2019-NMCA-001, ¶ 10, 433 P.3d 311 (internal quotation marks and citation omitted).

**{16}** Order 13-8500 states, in relevant part:

    A.    All electronic court records, whether electronically filed or filed as a traditional paper court record and subsequently converted by the court into an electronic format, shall be considered the official record of the court and shall have the same force and effect as a traditional paper court record;

    . . . .

    D.    When a paper court record is converted into an electronic court record, the paper court record may be destroyed unless the original paper format of the record must be preserved as provided by law.

The State argues the fact that Order 13-8500 makes the electronic record the official record of the court means that "every person with access to Odyssey now has access to true and correct copies of the original, without any need to request a copy from the court clerk."

**{17}** The State's argument, however, overlooks the last portion of paragraph A of Order 13-8500, which states, "All electronic court records . . . shall have the same force and effect as a traditional paper court record." When construing the language of an order or a rule, we endeavor to give meaning to each word, phrase, and sentence, and avoid treating any of the language as superfluous. *Roeper*, 2019-NMCA-001, ¶ 10. The last phrase in paragraph A plainly and unambiguously states the intent of our Supreme Court to apply the provisions of law, including the rules of evidence governing the traditional court paper record to the new electronic court record. A copy of a document

printed directly from Odyssey is to have "the same force and effect" as a paper copy, neither more nor less. It follows that to have the "force and effect" of admissible evidence in a court proceeding, a document printed off of Odyssey must be authenticated, just as a printed copy of a traditional paper court record would have to be authenticated. *See Murken v. Deutsche Morgan Grenfell, Inc.*, 2006-NMCA-080, ¶ 18, 140 N.M. 68, 139 P.3d 864 (providing that the requirement of authentication is a condition precedent to admissibility).

**{18}** In addition to the plain language of Order 13-8500, we find it significant that the order nowhere states that it is amending or supplementing any rule of evidence. There is no mention of Rule 11-902 to alert our courts and the bar that our Supreme Court intended to bypass the need for certification or for a seal, under Rule 11-902(1), (2), (4), or the testimony of the custodian and a certification or seal, under Rule 11-902(11).

**{19}** Finally, the State makes a policy argument, claiming that the inherent reliability of the Odyssey system is sufficient to treat any document printed from Odyssey as self-authenticating. While removing the need for certification of a pleading might streamline the prosecution's work in proving prior criminal convictions, it is not clear that Rule 11-902, which allows the admission of many types of evidence to authenticate a document, does not provide adequate avenues of authentication to the State without undue burden on it. In any event, we leave resolution of these policy questions and any changes to the rules of evidence governing the authentication of documents to our Supreme Court.

**{20}** Since court records printed from Odyssey do not fall under the narrow exception for self-authenticating documents set forth in Rule 11-902, the district court did not err in excluding those documents from evidence under that Rule. *See Murken*, 2006-NMCA-080, ¶ 18 (holding that unless the document falls within the narrow exception for self-authentication, the document must be authenticated).

## II.   The Application of a Hearsay Exception Is Not a Substitute for Authentication of a Document

**{21}** The State next relies on two exceptions to the hearsay rule, Rule 11-807, the residual exception, and Rule 11-803(6), the exception for records of regularly conducted activities, to argue that these hearsay exceptions permit the admission of documents printed from Odyssey into evidence even if they are not properly authenticated. We do not agree.

**{22}** As this Court stated in *State v. Ellis*, "[a]n analysis of whether a public record of this nature is admissible requires several steps[:] authentication and admissibility under hearsay exceptions. Unless they fall within the narrow exception for self-authenticating documents, the records must be authenticated." 1980-NMCA-187, ¶ 5, 95 N.M. 427, 622 P.2d 1047. In other words, before admissibility for the truth of the statements made in the document is examined under the hearsay rule, the document containing those statements must be authenticated—i.e., there must be sufficient evidence to support a finding that the document is what its proponent claims it to be. *See id.* In this case, the

State was required to first establish that its Odyssey printouts are an authentic, accurate copy of the official court record. Having failed to do that, the State cannot rely on a hearsay exception. *See id.*

### III. The District Court Did Not Abuse Its Discretion in Refusing to Take Judicial Notice of Its Own Records

**{23}**  Finally, the State contends that the district court abused its discretion in refusing to take judicial notice of the court's own records. The district court, having raised the possibility of judicial notice on its own, decided that it should not take judicial notice of a fact that the State had the burden to prove, that was disputed by Defendant, and that constituted the foundation of criminal charges. Seeing no abuse of discretion, we affirm.

**{24}**  "An abuse of discretion occurs when the evidentiary ruling is clearly against the logic and effect of the facts and circumstances of the case. We cannot say the district court abused its discretion by its ruling unless we can characterize it as clearly untenable or not justified by reason." *Jesenya O.*, 2022-NMSC-014, ¶ 10 (alterations, internal quotation marks, and citation omitted).

**{25}**  Rule 11-201 governs the taking of judicial notice. That rule provides, in relevant part, "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Rule 11-201(B)(2). Where, as here, judicial notice is raised by the district court's own motion, the rule is permissive—that is, the court may, but is not required to, take judicial notice of an adjudicative fact that is not subject to reasonable dispute. *See City of Aztec v. Gurule*, 2010-NMSC-006, ¶ 6, 147 N.M. 693, 228 P.3d 477 ("A court has discretion to take judicial notice sua sponte, but must take judicial notice if requested by a party and that party has furnished the court with the information necessary." (citation omitted)).

**{26}**  New Mexico precedent on the taking of judicial notice by a district court of proceedings or judgments in other cases litigated in the same court is not as open and shut as the State suggests. Indeed the general rule is that a district court should not take judicial notice of proceedings in other cases, even proceedings involving the same parties and in relation to the same subject matter. *See Miller v. Smith*, 1955-NMSC-021, ¶ 21, 59 N.M. 235, 282 P.2d 715. This rule has exceptions, but these exceptions are generally applied only where two cases are so closely related that they demand notice be taken of the entire record in the first case in order to proceed on the second case. *See id.* ¶ 23. The district court relied on *State v. Perez*, 2014-NMCA-023, 318 P.3d 195, in which this Court admonished the district courts to take care that Rule 11-201 is not "used as a substitute for more rigorous evidentiary requirements and careful fact-finding." *Perez*, 2014-NMCA-023, ¶ 11 (alteration, internal quotation marks, and citation omitted). In *Perez*, as the district court found in this case, the evidence sought to be admitted by judicial notice "serve[d] to constitute the foundation of criminal charges" and was disputed by the defendant. *Id.*

**{27}** Given our precedent, we cannot say that the district court abused its discretion in deciding not to take judicial notice of prior criminal proceedings against Defendant, even though those proceedings were heard in the Second Judicial District Court.

**CONCLUSION**

**{28}** We affirm the district court's dismissal without prejudice of the charge of felon in possession of a firearm.

**{29} IT IS SO ORDERED.**

**JANE B. YOHALEM, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**JACQUELINE R. MEDINA, Judge**