# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

Opinion Number: 2024-NMCA-069

Filing Date: July 30, 2024

No. A-1-CA-41198

**STATE OF NEW MEXICO,**

      Plaintiff-Appellant,

v.

**MARIA HOLBERT,**

      Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF MCKINLEY COUNTY**
**R. David Pederson, District Court Judge**

Raúl Torrez, Attorney General
Teresa Ryan, Assistant Solicitor General
Santa Fe, NM
Leland M. Churan, Assistant Attorney General
Albuquerque, NM

for Appellant

Bennett J. Baur, Chief Public Defender
Tania Shahani, Assistant Appellate Defender
Santa Fe, NM

for Appellee

## OPINION

**WRAY, Judge.**

**{1}** Our Legislature has enacted statutory pathways to guide the steps of justice through the thicket of legal issues presented when a person's competency to stand trial is raised in a criminal case. NMSA 1978, §§ 31-9-1 to -2 (1967, as amended through 2023). The present case required the district court to walk part of that path, and it requires us to determine whether the district court misstepped. Defendant's competency became an issue after she was charged with aggravated assault with a deadly weapon, contrary to NMSA 1978, Section 30-3-2(A) (1963), unlawful taking of a motor vehicle,

contrary to NMSA 1978, Section 30-16D-1 (2009), and use of a telephone to harass, threaten, annoy, or offend, contrary to NMSA 1978, Section 30-20-12 (1967). After a forensic evaluation, *see* § 31-9-1.1, the district court found Defendant to be incompetent to stand trial but not dangerous under Section 31-9-1.2 and dismissed the criminal information with prejudice. The State appeals the district court's finding regarding dangerousness and additionally argues that the district court improperly dismissed the criminal charges with prejudice. We affirm the district court's finding that the State did not prove dangerousness by clear and convincing evidence but reverse and remand for entry of judgment dismissing the case without prejudice.

## BACKGROUND

**{2}** To put the facts of this case in context, we briefly review the procedures for criminal competency determinations. Under Section 31-9-1.2(A) and Rule 5-602.2(D) NMRA, when a defendant has been charged with a felony and is found to be incompetent, the district court "shall consider" whether the state has presented clear and convincing evidence that the defendant is dangerous, as "dangerous" is defined in Section 31-9-1.2(D) and Rule 5-602.2(B)(2). "Dangerousness" means that if released from custody, "the defendant presents a serious threat of inflicting great bodily harm or of violating" NMSA 1978, Section 30-9-11 (2009) (prohibiting criminal sexual penetration) or NMSA 1978, Section 30-9-13 (2003) (prohibiting criminal sexual contact of a minor). Rule 5-602.2(B)(2); Section 31-9-1.2(D). A dangerousness determination "shall take into account only evidence relevant to whether the defendant presents" such a threat. Rule 5-602.2(D).

**{3}** Turning to the facts of the present case, we rely on the testimony that the district court determined to be credible at the dangerousness hearing. Mr. Silva, the alleged victim, testified that Defendant took a rifle from his home while he was out of town. On the day of the incident, Mr. Silva and a helper, Mr. Samora, were working inside Mr. Silva's shop when the lights went out. Mr. Silva went outside to check the electrical panel, and he heard Mr. Samora shout, "Watch out, she has a gun." Mr. Silva heard two shots and went back into the shop. Shortly afterward, Mr. Silva heard something, looked out the door, and saw that Defendant was driving away in Mr. Silva's van, which had a smashed rear window. Mr. Silva stopped Defendant from leaving in the van and took a rifle from her. Mr. Silva later observed that the rifle was jammed and suggested that "if it hadn't have jammed, she probably was going to continue to shoot." Defendant sent Mr. Silva threatening texts the weekend after the incident but there had been no additional digital or physical contact in the years since May or June 2020.

**{4}** In August 2020, Defendant was arrested and charged as we have already described. On the day that trial was scheduled, more than a year later, Defendant did not appear on time, and the district court dismissed the jury. When Defendant did appear, she was taken into custody to secure her presence at future hearings. Defendant's attorney filed a motion for a competency evaluation, which the district court granted. The forensic evaluator's report concluded that Defendant was not competent to stand trial.

**{5}** The State indicated that it would seek a second evaluation, and Defendant stated that she would file a motion to dismiss the charges. Defendant instead filed a request for a competency hearing. At the hearing, the State informed the court that the second evaluation made by the State's doctor came to the same conclusion as the first, and the district court found Defendant to be incompetent and released her from custody. The State filed a motion for a hearing to determine dangerousness. In the motion, the State set forth the facts supporting the current charges; five other unrelated charges listed by case number that had been dismissed for various reasons; one pending investigation; and four case numbers involving convictions for shoplifting, driving while intoxicated, and traffic offenses. In relation to the dismissed charges, the State asserted that some of those charges involved allegations that Defendant had been violent, but the State did not indicate that any had been dismissed on competency grounds.

**{6}** The dangerousness hearing was held on March 20, 2023. At the hearing, Mr. Silva testified that he believed that Defendant turned off the electricity to get him to come outside so she could use the rifle. Mr. Silva did not believe, however, that Defendant was shooting at him, because he was outside in the back of the shop checking on the electrical panel, away from where the shots were aimed, and she had a prior disagreement with Mr. Samora that may have instigated the incident. Mr. Samora did not testify. Defendant also testified, but the district court did not find Defendant to be credible. Last, Defendant's psychiatrist testified and explained that Defendant has been his patient for around ten years, he normally saw her every two weeks, Defendant was prescribed medication by him, he believed Defendant's behavior could be regulated, and he did not know Defendant to be violent.

**{7}** The district court concluded that the State did not meet its burden to prove by clear and convincing evidence that Defendant was currently dangerous, as defined by Section 31-9-1.2(D), and noted that the State could pursue civil commitment. *See* § 31-9-1.2(A). Ultimately, the district court entered an order dismissing the case with prejudice. The State appeals.

## DISCUSSION

**{8}** The State challenges the district court's (1) determination that Defendant was not dangerous, and (2) dismissal of the criminal charges against Defendant "with prejudice." We first address the evidence supporting the district court's dangerousness determination.

### I. Sufficient Evidence Supported the District Court's Conclusion That the State Did Not Meet Its Burden to Establish Dangerousness Under Section 31-9-1.2

**{9}** "If the incompetent defendant is charged with a felony, the court shall consider whether there is clear and convincing evidence that the defendant is dangerous as that term is defined by Section 31-9-1.2(D) . . . and this rule." Rule 5-602.2(D). If the defendant is found to be dangerous, "the court shall commit the defendant for treatment

to attain competency to stand trial." Rule 5-602.2(F)(1). Thus, "dangerousness is an element necessary to sustain a commitment of an incompetent person," *State v. Chorney*, 2001-NMCA-050, ¶ 21, 130 N.M. 638, 29 P.3d 538, which the State must demonstrate by clear and convincing evidence. "Proof by clear and convincing evidence represents [an exacting] standard, one satisfied only by evidence that instantly tilts the scales in the affirmative when weighed against the evidence in opposition and the fact finder's mind is left with an abiding conviction that the evidence is true." *State v. Mascareno-Haidle*, 2022-NMSC-015, ¶ 28, 514 P.3d 454 (internal quotation marks and citation omitted).

**{10}** This Court reviews for substantial evidence the district court's determination that the State failed to meet its burden to establish that Defendant was dangerous by clear and convincing evidence. *Cf. Child., Youth & Fams. Dep't v. Nathan H.*, 2016-NMCA-043, ¶ 30, 370 P.3d 782 (stating that an appellate court reviews for substantial evidence a district court's decision that clear and convincing evidence was presented below to terminate parental rights). "Substantial evidence is relevant evidence that a reasonable mind would accept as adequate to support a conclusion." *Child., Youth & Fams. Dep't v. Patricia H.*, 2002-NMCA-061, ¶ 22, 132 N.M. 299, 47 P.3d 859 (internal quotation marks and citation omitted). "[I]t is for the finder of fact, and not the reviewing courts, to weigh conflicting evidence and decide where truth lies," and "[w]e defer to the [district] court, not because it is convenient, but because the [district] court is in a better position than we are to make findings of fact and also because that is one of the responsibilities given to [district] courts rather than appellate courts." *N.M. Dep't of Hum. Servs. v. Williams*, 1989-NMCA-008, ¶ 7, 108 N.M. 332, 772 P.2d 366. For those reasons, "[t]he appellate court must review the evidence in the light most favorable to the prevailing party, indulging all reasonable inferences in support of the verdict and disregarding all inferences or evidence to the contrary." *Id.* It is in this context that we "evaluate whether the [district] court could have found by clear and convincing evidence" that the State failed to meet its burden to prove that Defendant was dangerous. *Cf. Patricia H.,* 2002-NMCA-061, ¶ 22. [1]

**{11}** The State argues that evidence supporting the charges in the present case, together with Defendant's criminal history, shows that "Defendant would present a serious threat of inflicting great bodily harm on another." Beginning with Defendant's criminal history, the district court observed that the prior charges did not result in convictions and implicitly questioned the relevance of those prior charges. We agree that the State failed to establish that the prior dismissed charges were relevant.

---

[1]The State appears to argue that we should review the matter with somewhat more scrutiny than the general substantial evidence standard because the typical appellate standards that are set forth in the case law generally apply to jury verdicts. Because the State does not appeal jury verdicts, the State maintains that the standard statement of review for sufficiency should not strictly apply to this State's appeal. The State does not provide authority for a more exacting review, and further, there seems to be little practical difference between the standard the State proposes—"this Court should uphold judgment of the district court if, viewing the evidence in the light most favorable to the judgment, a fact finder could properly determine that the clear and convincing standard was not met"—and the prevailing substantial evidence standard.

**{12}** "Evidence is relevant if . . . it has any tendency to make a fact more or less probable than it would be without the evidence, and . . . the fact is of consequence in determining the action." *See* Rule 11-401 NMRA. As a general matter, the existence of prior charges alone—without accompanying convictions—are not relevant to a dangerousness determination if the charges were dismissed for reasons including (but not limited to) a lack of evidence or a need for further investigation. Charges that have not been proved or that require further investigation generally have no tendency to show that the alleged facts happened—those charges prove only that charges were filed and the allegations supporting those charges remain unsubstantiated.

**{13}** Nevertheless, prior dismissed charges may be relevant if additional evidence is offered to tie the prior dismissed charges to current dangerousness to show that a defendant "presents a serious threat of inflicting great bodily harm on another." *See* § 31-9-1.2(D). If the State articulates why the existence and dismissal of the prior charges is relevant to current dangerousness, admissible evidence must then be offered to establish those relevant facts. *See State v. Archuleta*, 2023-NMCA-077, ¶¶ 1, 16, 536 P.3d 528 (holding that the rules of evidence apply in dangerousness hearings and affirming the exclusion of "other criminal complaints to establish dangerousness" based on the rule against hearsay); *see also State v. Garcia*, 2023-NMCA-010, ¶¶ 26-27, 523 P.3d 650 (addressing judicial notice and its exceptions); Rule 11-201 NMRA (governing judicial notice of adjudicative facts).

**{14}** In the present case, however, we need not wrestle with the admissibility of any proffered evidence. The State never established, or even suggested, in its motion for a dangerousness determination that the prior dismissed charges were relevant or supported a conclusion that Defendant was currently dangerous. The State represented that all of the prior cases were pending investigation, were dismissed by the prosecutor for further investigation, or were otherwise dismissed by the prosecutor. The convictions did not appear to involve allegations of violence. Thus, the unproven and dismissed prior allegations and nonviolent convictions were not relevant to Defendant's current dangerousness, and we turn to the remaining evidence the State argues established dangerousness.

**{15}** On this point, the State essentially asks us to reweigh the evidence. *See State v. Gallegos*, 1990-NMCA-104, ¶ 2, 111 N.M. 110, 802 P.2d 15 ("Conflicts in the evidence are for the fact-finder to resolve, and the appellate court does not reweigh the evidence." (citation omitted)). The State points us to the evidence that Defendant "apparently" shut off the power to Mr. Silva's shop so that he and Mr. Samora would go outside, fired two shots at the building, smashed the window of Mr. Silva's van, and drove off, as well as Mr. Silva's supposition that Defendant might have kept shooting if the rifle had not jammed and the subsequent threatening texts. "In reviewing a substantial evidence claim," however, "the inquiry is whether substantial evidence supports the judgment of the [district] court, not whether evidence supports an alternative result." *State ex rel. Martinez v. Lewis*, 1994-NMCA-100, ¶ 4, 118 N.M. 446, 882 P.2d 37.

**{16}**    Viewing the evidence in the light most favorable to the ruling and indulging all reasonable inferences in support of the ruling as we are required to do, *see Williams*, 1989-NMCA-008, ¶ 7, Defendant drew Mr. Silva out of the building and then did not shoot at him, but rather toward the building, and the evidence did not demonstrate that Defendant intended to shoot either Mr. Silva or Mr. Samora. The district court found that Defendant "may have fired off some rounds but nobody saw her do that," and observed that "it would have been interesting to have had Mr. Samora here to testify," because Mr. Silva did not believe Defendant was shooting at him. In the years that passed between the text messages sent by Defendant immediately following the incident and the dangerousness hearing, Defendant had no contact with Mr. Silva. The district court further noted that while it was not required, the State presented no evidence at the March 2023 hearing concerning Defendant's current mental state. *See* Rule 5-602.2(B)(2) (explaining that "[d]angerousness is not a clinical diagnosis" and "a finding of dangerousness need not be based on a psychological evaluation or on expert testimony"). The district court therefore relied on Defendant's doctor's testimony to determine that Defendant's behavior "is apparently amenable to treatment by prescriptions and by other counseling and therapy." Based on the above, we conclude that substantial evidence supported the district court's determination that the State did not demonstrate with clear and convincing evidence that Defendant was dangerous as defined in Rule 5-602.2(D). *See Mascareno-Haidle*, 2022-NMSC-015, ¶ 28 (describing clear and convincing evidence as an "exacting standard").

## II.    Section 31-9-1.2 Only Permits Dismissal of a Criminal Complaint Without Prejudice

**{17}**    The State contends that the district court erred in dismissing the charges against Defendant with prejudice. The applicable statute, Section 31-9-1.2(A), provides that "[w]hen, after hearing, a court determines that a defendant is not competent to proceed in a criminal case and the court does not find that the defendant is dangerous, the court may dismiss the criminal case without prejudice in the interests of justice." By its terms, to the extent that the statute permits dismissal, the text does not provide for dismissal with prejudice. *See Baker v. Hedstrom*, 2012-NMCA-073, ¶ 11, 284 P.3d 400 ("The first guiding principle in statutory construction dictates that we look to the wording of the statute and attempt to apply the plain meaning rule, recognizing that when a statute contains language which is clear and unambiguous, we must give effect to that language and refrain from further statutory interpretation." (alteration, internal quotation marks, and citation omitted)). Defendant's argument is that nothing in the text explicitly *prevents* the district court from "fashion[ing] a different remedy or otherwise dismiss[ing]." Specifically, Defendant contends that because Section 31-9-1.2(A) states that the district court "may" dismiss without prejudice, such dismissal is permissive and dismissal with prejudice is therefore allowed. We disagree with Defendant that the plain language unambiguously supports a conclusion that dismissal with prejudice is within the district court's discretion under Section 31-9-1.2(A).

**{18}**    "A statute is ambiguous when it can be understood by reasonably well-informed persons in two or more different senses." *In re Gabriel M.*, 2002-NMCA-047, ¶ 12, 132

N.M. 124, 45 P.3d 64. While Defendant's reading of the statute may be reasonable, Section 31-9-1.2(A) could also be read to give the district court discretion to dismiss—but *only* "without prejudice in the interests of justice." Because the statute could be subject to two reasonable readings, we conclude it is ambiguous and turn to consider evidence of the Legislature's intent. *See Nguyen v. Bui*, 2023-NMSC-020, ¶ 15, 536 P.3d 482 (explaining that we discern the Legislature's intent by applying "the plain meaning of the statute unless the language is doubtful, ambiguous, or an adherence to the literal use of the words would lead to injustice, absurdity or contradiction." (internal quotation marks and citation omitted)). When statutory language is ambiguous, we appropriately turn to canons of construction, which are "statutory construction aids available to use to determine meaning." *In re Gabriel M.*, 2002-NMCA-047, ¶¶ 12, 16, 19.

**{19}** The doctrine of "expressio unius est exclusio alterius" denotes that the Legislature's inclusion of "dismissal without prejudice" indicates its intent to prohibit dismissal "with prejudice." *See Fernandez v. Española Pub. Sch. Dist.*, 2005-NMSC-026, ¶ 6, 138 N.M. 283, 119 P.3d 163. This canon of construction provides that "[w]here authority is given to do a particular thing and a mode of doing it is prescribed, it is limited to be done in that mode; all other modes are excluded." *Id.* (internal quotation marks and citation omitted). Section 31-9-1.2(A) gives the authority to dismiss and the mode for dismissing—without prejudice. As a result, all other modes, including dismissal with prejudice, are excluded, according to the expressio unius est exclusio alterius canon of construction.

**{20}** Thus, because Section 31-9-1.2(A) expressly permits dismissal without prejudice, we reject Defendant's argument that dismissal with prejudice is permitted because the statute does not explicitly prohibit it. Defendant's argument relies on legislative silence, which we have explained "is at best a tenuous guide to determining legislative intent." *State v. Block*, 2011-NMCA-101, ¶ 19, 150 N.M. 598, 263 P.3d 940 (internal quotation marks and citation omitted); *cf. id.* (cautioning generally against the use of legislative silence in statutory interpretation but using that canon of construction when the absence of *any* express limiting language indicates the Legislature's intent not to limit); *see Chavez v. Bridgestone Am. Tire Ops., LLC*, 2022-NMSC-006, ¶ 30, 503 P.3d 332 (reasoning that "our Legislature's silence on [an] issue should not be construed as its affirmation" but "more likely" the failure "to express its will" (internal quotation marks and citation omitted)).

**{21}** This conclusion is supported by another canon of construction: "read[ing] the provisions at issue in the context of the statute as a whole." *State v. Wilson*, 2021-NMSC-022, ¶ 16, 489 P.3d 925 (internal quotation marks and citation omitted). In the various statutes governing competency, the Legislature has specifically referred to dismissal with and without prejudice in particular circumstances. *See* § 31-9-1.4(B) (permitting the district court to "dismiss with prejudice" if "at any time the district court determines that there is not a substantial probability that the defendant will become competent to proceed in a criminal case within a reasonable period of time not to exceed nine months from the date of the original finding of incompetency"); § 31-9-

1.4(C) (permitting the district court, under the same circumstances as Section 31-9-1.4(B), to "dismiss the criminal case without prejudice in the interest of justice"); § 31-9-1.5 (A), (B) (permitting the district court to "dismiss the criminal case with prejudice" if the defendant has been determined to be incompetent and dangerous but "the evidence does not establish by clear and convincing evidence that the defendant committed" a defined felony); § 31-9-1.5(C) ("If the district court finds by clear and convincing evidence that the defendant committed a crime and has not made a finding of dangerousness, pursuant to Section 31-9-1.2 . . . , the district court shall dismiss the charges without prejudice."). From these deliberate references to "with" and "without" prejudice, we infer that the Legislature intended to differentiate between dismissal with and without prejudice throughout the statutory scheme and conclude that dismissal under Section 31-9-1.2(A) is permitted only if it is without prejudice.

**CONCLUSION**

**{22}** For these reasons, we affirm the district court's determination that Defendant was not dangerous and reverse the district court's order dismissing the charges with prejudice. We remand for entry of a corrected order that dismisses the charges without prejudice.

**{23}    IT IS SO ORDERED.**

**KATHERINE A. WRAY, Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**ZACHARY A. IVES, Judge**